UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: LOANCARE DATA
SECURITY BREACH
LITIGATION

Lead Case No. 3:23-cv-1508-MMH-MCR

_____/

**ORDER REGARDING APPOINTMENT OF INTERIM CLASS COUNSEL**

      **THIS CAUSE** is before the Court on Plaintiffs Christine Curry, Danny Grigg, Gregory Arrowsmith, Cody Kettlewood, Richard Freier, Daniel Hernandez, Namuun Bat, Christi Horan, Ryan Turizo, Theodore Bell, and Andre Gharibian (collectively "Plaintiffs") request for appointment of their attorneys as interim class counsel under Fed. R. Civ. P. 23(g)(3). See Plaintiffs' Joint Motion to Consolidate Actions, Appoint Interim Class Counsel, and Set Scheduling Deadlines (Doc. 24; Motion), filed on February 9, 2024. The Court heard from counsel on this request at a status conference on February 27, 2024. See Minute Entry (Doc. 37). At that time, the Court issued an oral order granting Plaintiffs' request for the appointment of interim class counsel, including an executive committee, and directed Plaintiffs' counsel to confer with defense counsel and submit a proposed order to that effect. Id. Upon review of the proposed order, the Court found it necessary to convene a second hearing to address the appointment of interim class counsel, among other

things, which took place on April 4, 2024.  See Minute Entry (Doc. 43), filed April 4, 2024.  At the April 4, 2024 hearing, the Court sua sponte reconsidered its February 27, 2024 oral ruling as it pertained to the appointment of an executive committee. For the reasons stated on the record at the April 4, 2024 hearing, the Court will deny Plaintiffs' request to appoint an executive committee.  As such, in accordance with the Court's ruling at the February 27, 2024 hearing, as modified at the April 4, 2024 hearing, it is

**ORDERED:**

1. The Court sua sponte **reconsiders** the oral ruling announced at the February 27, 2024 hearing to the extent the Court **DENIES** Plaintiffs' request for the appointment of an executive committee.  Accordingly, Plaintiffs' Motion (Doc. 24) pertaining to the appointment of interim class counsel is **GRANTED** to the extent set forth below, and otherwise **DENIED.**

2. *Plaintiffs' Interim Class Co-Counsel.*  The Court **appoints** Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC and Bryan Bleichner of Chestnut Cambronne, as **Interim Class Co-Counsel** for all Plaintiffs. Interim Class Co-Counsel must assume responsibility for the following duties until further order of the Court:[1]

---

[1] If the Court decides to certify a class, the Court will consider at that time whether it is appropriate to appoint these same attorneys to serve as class counsel pursuant to Rule 23(g)(1), Federal Rules of Civil Procedure.

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings on behalf of Plaintiffs, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and counsel for Defendants, and acting as spokespersons for all Plaintiffs vis-à-vis Defendants and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and disseminating the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendants on all matters, including settlement;

j) Negotiating and entering into stipulations with counsel for Defendants as necessary for the conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

    m) Encouraging and enforcing efficiency among all Plaintiffs' counsel;

    n) Assessing Plaintiffs' counsel for the costs of the litigation;

    o) Preparing and distributing periodic status reports on behalf of Plaintiffs to the Court and to the parties as ordered;

    p) Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses on behalf of Plaintiffs and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, interim class co-counsel also will recommend apportionment and allocation of fees and expenses on behalf of Plaintiffs subject to Court approval; and,

    q) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

3. On or before **May 3, 2024**, interim class co-counsel shall file their proposed timekeeping practices and procedures as set forth above in paragraph 2(p).

4. *Maintenance of Contemporaneous Records.*  Regardless of any other proposed timekeeping protocols, all counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation,

indicating with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records will be grounds for denying court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").

5. *Privileges Preserved*. No communication among Plaintiffs' counsel or among Defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

6. *Application of this Order.* This Order applies to all actions included in the above-captioned consolidated matter and all subsequently consolidated actions.

7. Interim class co-counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that interim class co-counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

It is so ORDERED on this 5th day of April, 2024.

MARCIA MORALES HOWARD
United States District Judge