**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re: LOANCARE DATA
SECURITY BREACH
LITIGATION                                          Lead Case No. 3:23-cv-1508-MMH-MCR

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendants' Amended Motion to Temporarily Stay Discovery Pending a Ruling on Their Amended Motion to Dismiss and Incorporated Memorandum of Law (Doc. 60; Motion to Stay), filed on April 17, 2024. In the Motion to Stay, Defendants request that the Court stay discovery in this matter until the Court rules on the pending motion to dismiss. Plaintiffs oppose the Motion to Stay. See Plaintiffs' Response in Opposition to Defendants' Amended Motion to Temporarily Stay Discovery Pending a Ruling on Their Motion to Dismiss (Doc. 66; Response), filed on April 30, 2024. Accordingly, this matter is ripe for review.

It is well established that district courts have broad, inherent authority to manage their dockets, including the power to stay discovery. See Aatrix Software, Inc. v. Green Shades Software, Inc., No. 3:15-cv-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept. 10, 2015); Lewis v. Abbott Labs., Inc., No. 6:19-cv-909-Orl-31LRH, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2, 2019); see

also Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). However, stays of discovery "are generally disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" See Aatrix Software, Inc., 2015 WL 12835689, at *1 (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Thus, a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule. See McCrimmon v. Centurion of Fla., LLC, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020). Indeed, the Civil Discovery Handbook for the Middle District of Florida expressly states that:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a <u>specific showing of prejudice or undue burden</u>.

Middle District Discovery (2021) at Section I.E.4 (emphasis added). Moreover, motions to stay are generally denied "[a]bsent a <u>clear indication</u> a case will be dismissed in its entirety." See McCrimmon, 2020 WL 6287681 at *2 (emphasis added) (collecting cases). Significantly, it is the movant's burden to show the "'necessity, appropriateness, and reasonableness'" of a stay. See id. (quoting

2

Ray v. Spirit Airlines, Inc., No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)).

Upon review of the Motion to Stay, Response, and record in this case, the Court finds that Defendants have not met their burden of establishing that a stay is warranted at this time. Significantly, Defendants fail to make a specific showing that discovery in this case presents the type of unusually prejudicial or burdensome circumstance which could warrant a stay.[1] Additionally, the Court has taken a "preliminary peek" at the motion to dismiss, and while the Court expresses no opinion on the ultimate merits of the motion, the undersigned is not convinced that the basis for dismissal of this action in its entirety is so patently obvious as to warrant the exceptional relief of a stay. See Feldman, 176 F.R.D. at 652 (explaining that in resolving a motion to stay, courts "take a preliminary peek" at the merits of the motion to dismiss to "see if it appears to be clearly meritorious and truly case dispositive"). Having weighed the harm of delay against the possibility the dispositive motion will be granted, the Court finds that the Motion to Stay is due to be denied. Accordingly, it is

**ORDERED**:

---

[1] To the extent Defendants rely on this Court's decision to grant a stay of discovery in Allgood v. PaperlessPay Corp., the Court notes that the parties in that case agreed to the entry of a stay. See Allgood, No. 3:20-CV-516, ECF No. 71 (M.D. Fla. entered June 17, 2021).

Defendants' Amended Motion to Temporarily Stay Discovery Pending a Ruling on Their Amended Motion to Dismiss and Incorporated Memorandum of Law (Doc. 60) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on May 22, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

4