# Exhibit A

# Settlement Agreement

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

## CASE NO. 3:23-cv-1508-MMH-MCR

IN RE: LOANCARE DATA
SECURITY BREACH LITIGATION
_____/

## SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement ("Settlement" or "Agreement")[1] is entered this ___ day of September, 2024, between Plaintiffs, Kevin Curry, Gregory Arrowsmith, Namuun Bat, Joshua Dryden, Richard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer Martinez, Douglas Newell, Jose Peralta, and Ryan Turizo, on behalf of themselves and the Settlement Class, and Defendants, LoanCare, LLC and Fidelity National Financial, Inc. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I.    Procedural History

1.    On December 27, 2023, as a result of the Cybersecurity Incident, Plaintiff Christine Curry filed a Class Action Complaint against LoanCare and FNF, asserting causes of action for: (1) negligence; (2) negligence *per se*; (3)

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II of the Agreement.

breach of implied contract; (4) unjust enrichment; (5) breach of fiduciary duty; and (6) declaratory judgment, seeking to represent a nationwide class of aggrieved individuals ("*Curry* Action"). [DE #1].

2.    Both before and after the filing of the *Curry* Action, LoanCare and FNF were jointly or separately named as defendants in eight other putative class actions filed in or removed to this District,[2] two putative class actions filed in the U.S. District Court for the Central District of California,[3] and one putative class action filed in the U.S. District Court for the Western District of Missouri[4] that are materially identical, as they have overlapping claims, seek to represent the same putative class members, and arise out of the Cybersecurity Incident (collectively, "Related Actions").

3.    On February 9, 2024, Plaintiffs in the Related Actions that were pending in this Court by that time filed a Motion for Consolidation of the Related Actions and for Appointment of Co-Interim Lead Counsel. [DE #24].

4.    On February 27, 2024, the Court held a scheduling conference to

---

[2] *Grigg v. Fidelity National Financial, Inc., et al.*, Case No. 3:23-cv-01509; *Arrowsmith v. Fidelity National Financial, Inc., et al.*, Case No. 3:24-cv-00011; *Kettlewood, et al., v. Fidelity National Financial, Inc., et al.*, Case No. 3:24-cv-00012; *Hernandez et al. v. Fidelity National Financial, Inc.,* Case No. 3:24-cv-00019; *Horan v. Fidelity National Financial, Inc., et al.*, Case No. 3:24-cv-00021; *Turizo v. Fidelity National Financial, Inc., et al.*, Case No. 3:24-cv-00028; *Bell v. Fidelity National Financial, Inc., et al.*, Case No. 3:24-cv-00030; and *Gharibian v. Fidelity National Financial, Inc., et al.*, Case No. 3:24-cv-00115.
[3] *Peralta v. Fidelity National Financial, Inc., et al.* (transferred to M.D. Florida on March 25, 2024, Case No. 3:24-cv-00307); and *Tillis v. Fidelity National Financial, Inc., et al.* (transferred to M.D. Florida on March 25, 2024, Case No. 3:24-cv-00285).
[4] *Manar v. Fidelity National Financial, Inc., et al.*, Case No. 5:24-cv-06024 (transferred to M.D. Florida on May 16, 2024).

discuss Plaintiffs' pending motions and other housekeeping issues. [DE # 37].

5.    On March 8, 2024, the Court granted the Motion to Consolidate
and Motion to Appoint Interim Class Counsel. [DE #38].

6.    On March 19, 2024, Plaintiffs filed a Consolidated Class Action
Complaint. [DE #40].

7.    On April 16, 2024, Defendants filed a Motion to Dismiss, which
was amended on April 17, 2024. [DE #56, 59].

8.    On May 7, 2024, Plaintiffs filed their Response in Opposition to
Defendants' Amended Motion to Dismiss. [DE #73].

9.    On May 21, 2024, Defendants filed their Reply to the Amended
Motion to Dismiss. [DE #80].

10.    On June 4, 2024, Plaintiffs propounded requests for production
and interrogatories, and, on June 24, 2024, Defendants did the same.

11.    In the interim, consistent with this Court's mandatory mediation
requirements, the Parties proposed Rodney A. Max, an experienced class
action mediator, to mediate this dispute.  *See* Uniform Case Management
Report [DE #65].  They ultimately scheduled a mediation with Mr. Max for
July 25, 2024. In advance of the mediation, Plaintiffs propounded informal
discovery requests on Defendants to which Defendants responded by providing
information related to, among other things, the nature and cause of the
Cybersecurity Incident, the number and geographic location of individuals that

received notice of the Cybersecurity Incident, and the specific type of information potentially impacted in the Cybersecurity Incident.[5] The Parties also exchanged detailed mediation statements outlining their respective positions as to liability, damages, and settlement.

12.    On July 25, 2024, following a full day of mediation with Mr. Max, the Parties reached an agreement on the material terms of a settlement.

13.    On July 29, 2024, the Parties filed a Notice of Classwide Settlement. [DE #98].

14.    The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. LoanCare and FNF have entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid litigation costs, distractions, and disruption to their business operations associated with further litigation. LoanCare and FNF do not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint (and similarly do not in any way acknowledge, admit to, or concede any of the allegations in the other complaints in the Related Actions), and expressly disclaim and deny any fault or liability, or any charges of wrongdoing that have been or could have been

---

[5] Defendants' responses to Plaintiffs' pre-mediation discovery requests are subject to Fed. R. Evid. 408, and other applicable state or federal settlement and compromise rules, and mediation privileges and are not admissible as evidence or otherwise in any proceeding.

asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, LoanCare, FNF, and all Settlement Class Members.

15.    **NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.  <u>Definitions</u>

16.    "**Action**" means the consolidated class action lawsuit entitled: *In re: LoanCare Data Security Breach Incident*, Case No. 3:24-cv-1508-MMH-MCR (M.D. Fla.).

17.    "**Application for Attorneys' Fees and Costs**" means the application made with the Motion for Final Approval seeking attorneys' fees and costs.

18. **"Attorneys' Fees and Costs"** means such funds as may be awarded by the Court consistent with the terms of this Agreement to Plaintiffs' Counsel for their past, present, and future work, efforts, and expenditures in connection with this Litigation and settlement, including fees, costs, and expenses of any co-counsel, local counsel, experts, consultants, or other individuals retained by, or who assisted Plaintiffs' Counsel in connection with this Litigation and settlement, as described more particularly in Section XI of this Agreement.

19. **"CAFA Notice"** means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing Notice of the proposed Settlement.

20. **"Cash Payment"** means compensation paid to Settlement Class Members who elected to submit a Claim for either Cash Payment A or Cash Payment B.

21. **"Cash Payment A"** means compensation paid to Settlement Class Members pursuant to Section V.

22. **"Cash Payment B"** means the amount identified in Section V.

23. **"Claim"** means the submission of a Claim Form by a Claimant.

24. **"Claim Form"** means the proof of claim, substantially in the form attached hereto as ***Exhibit 4***, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

6

25.    "**Claim Form Deadline**" shall be 30 days prior to the initial scheduled Final Approval Hearing.

26.    "**Claimant**" means a Settlement Class Member who submits a Claim Form.

27.    "**Class Counsel**" means: Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Bryan Bleichner or Chestnut Cambronne PA.

28.    "**Class List**" means the list of Settlement Class Members. LoanCare and FNF shall prepare and provide the Class List to the Settlement Administrator for purposes of Notice using information in LoanCare and FNF's records. The Class List shall include the Settlement Class Members' names, postal addresses (if available) and email addresses (if available).

29.    "**Class Representatives**" mean Kevin Curry, Gregory Arrowsmith, Namuun Bat, Joshua Dryden, Richard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer Martinez, Douglas Newell, Jose Peralta, and Ryan Turizo.

30.    "**Complaint**" means the Consolidated Class Action Complaint filed by Plaintiffs on March 19, 2024.

31.    "**Court**" means the United States District Court Middle District of Florida and the Judge(s) assigned to the Action.

32.    "**Cybersecurity Incident**" means the unauthorized access to

certain systems within FNF's information technology network or access to or acquisition of Personal Information from certain FNF systems on or about November 19, 2023.

33. "**Defendants**" means LoanCare, LLC and Fidelity National Financial, Inc.

34. "**Defendant's Counsel**" means Sidley Austin LLP.

35. "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (i) the expiration of the time to appeal the Final Approval with no appeal having been filed; or (ii) if such appeal is filed, the termination of such appeal, on terms that affirm the Final Approval or dismiss the appeal with no material modification to the Final Approval. As used in this paragraph, the phrase "termination of such appeal," means the date upon which the relevant appellate court issues its remittitur.

36. "**Email Notice**" means the email form of Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 1***, distributed to Settlement Class Members for which email addresses are provided by LoanCare and FNF.

37. "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and

conditions described herein.

38.   "**FNF**" means Fidelity National Financial, Inc.

39.   "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

40.   "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees and Costs.

41.   "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel.

42.   "**Identity Monitoring**" means three years (adjusted to one year for Settlement Class Members who elected to receive 24 months of identity monitoring offered in connection with the Cybersecurity Incident) of identity monitoring services that Settlement Class Members may elect to receive under the Settlement.

43.   "**LoanCare**" means LoanCare, LLC.

44.   "**Long Form Notice**" means the long form notice of the

Settlement, substantially in the form attached hereto as ***Exhibit 3***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

45.     "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement and of Plaintiffs' Application for Attorneys' Fees and Costs.

46.     "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

47.     "**Net Settlement Fund**" means the amount of the Settlement Fund following payment of: (1) Attorneys' Fees and Costs awarded by the Court, and (2) all Settlement Administration Costs.

48.     "**Notice**" means the Email Notice, Postcard Notice, and Long Form Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

49.     "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and consists of the Email Notice, Postcard Notice, and Long Form Notice.

50.     "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid Claim.

51.   "**Objection Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

52.   "**Opt-Out Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

53.   "**Party**" means each of the Plaintiffs and Defendants, and "Parties" means Plaintiffs and Defendant collectively.

54.   "**Personal Information**" or "**PI**" means information collected by LoanCare and FNF, directly or indirectly, pertaining to its customers, including, but not limited to, full names, addresses, Social Security numbers, and loan numbers.

55.   "**Plaintiffs**" mean Kevin Curry, Gregory Arrowsmith, Namuun Bat, Joshua Dryden, Richard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer Martinez, Douglas Newell, Jose Peralta, and Ryan Turizo.

56.   "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit*** 2 that the Settlement Administrator shall disseminate to Settlement Class Members by mail.

57.   "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval

Order.

58. "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit C***.

59. "**Related Actions**" means the eight actions filed in or removed to the Middle District of Florida, as well as the two actions filed in U.S. District Court for the Central District of California and the one action filed in the U.S. District Court for the Western District of Missouri, which were subsequently transferred to the Middle District of Florida.

60. "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

61. "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or

12

failures to act relating to the Cybersecurity Incident.

62.    "**Released Parties**" means LoanCare and FNF and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, insurers, servants, employees, partners, predecessors, successors, managers, administrators, executors, and trustees.

63.    "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, and agents.

64.    "**Settlement Administrator**" or "**Angeion**" means the third-party notice and claims administrator, Angeion Group, unless another third-party administrator is later agreed to by the Parties in writing and approved by the Court.

65.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

66.    "**Settlement Class**" means all persons residing in the United States who received notice from Defendants that their Personal Information may have been compromised in the Cybersecurity Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and

agents of LoanCare and FNF; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

67. "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement and "Settlement Class Members" means each and every Settlement Class Member.

68. "**Settlement Class Member Benefit**" means the Cash Payment and/or Identity Monitoring elected by Settlement Class Members.

69. "**Settlement Fund**" means the non-reversionary $5,900,000.00 in cash that Defendants are obligated to fund into the Escrow Account under the terms of the Settlement.

70. "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

71. "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with

14

all of the information requested in the Claim Form, by a Settlement Class
Member; (c) signed physically or by e-signature by a Settlement Class Member
personally, subject to the penalty of perjury; (d) returned via mail and
postmarked by the Claim Form Deadline, or, if submitted online, submitted by
11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be
valid by the Settlement Administrator. The Settlement Administrator may
require additional information from the Claimant to validate the Claim,
including, but not limited to, answers related to questions regarding the
validity or legitimacy of the physical or e-signature. Failure to respond to the
Settlement Administrator's Notice of Deficiency may result in a determination
that the Claim is not a Valid Claim.

## III.   <u>Settlement Fund</u>

72.    Within 10 days following Preliminary Approval, Defendants shall
pay into the Escrow Account Three Hundred and Fifty Thousand Dollars
($350,000.00) to fund the Settlement Administration Costs. Upon the Effective
Date, Defendants shall pay the remaining cash into the Escrow Account
necessary to satisfy the Settlement Fund.

73.    The funds in the Escrow Account shall be deemed a "qualified
settlement fund" within the meaning of United States Treasury Reg. § 1.468B-
l at all times since creation of the Escrow Account. All taxes (including any
estimated taxes, and any interest or penalties relating to them) arising with

respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendants, Defendants' Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.    Certification of the Settlement Class

74.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. Defendants agree solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued or the Effective Date for any reason does not occur, then any certification shall be null and void and, for the avoidance of doubt, Defendants shall retain all rights to object to any future requests to certify a class and, in such instance, the action will continue as if the Settlement Class

16

was never certified. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action. The fact that Defendants conditionally consented herein to certification of the Settlement Class shall not be used against Defendants by any Party or non-party for any purpose in this Litigation or any other action, lawsuit, or proceeding of any kind.

## V.   <u>Settlement Consideration</u>

### 75.   **Settlement Class Member Benefits**

When submitting a Valid Claim, Settlement Class Members must choose either Cash Payment A or Cash Payment B. Settlement Class Members may also elect to receive Identity Monitoring in accordance with the terms set forth hereinbelow. Cash Payments will be subject to a *pro rata* increase from the Net Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Net Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. For purposes of calculating the amount of the increase or decrease, the Settlement Administrator must distribute the funds in the Net Settlement Fund first for payment of Identity Monitoring and then for Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis. In the unexpected event the value of the Identity Monitoring on its own

exhausts the amount of the Net Settlement Fund, the length of the Identity Monitoring provided will be reduced as necessary to bring the cost within the Net Settlement Fund. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against the Released Parties without receiving a Settlement Class Member Benefit.

76. **Cash Payment A**

a. **Compensation for Ordinary Losses**: Compensation for unreimbursed ordinary losses fairly traceable to the Cybersecurity Incident, may be up to a total of $1,500.00 per person. Settlement Class Members must submit documentation supporting their Claims for ordinary losses. This documentation may include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the identity monitoring services offered as part of the notification letter provided by LoanCare. These ordinary losses may include the following:

i. ***Out of pocket expenses incurred*** as a result of the Cybersecurity Incident, including bank fees, long distance phone charges, cell

phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; and

   ii. ***Fees for credit reports, credit monitoring, or other identity monitoring or insurance product*** purchased between November 19, 2023, and the date of the Claim Form Deadline.

   b. <u>**Compensation for Extraordinary Losses**</u>: Compensation for extraordinary losses, may be up to a total of $5,000.00, per Settlement Class Member, if the extraordinary loss: (i) is an actual, documented and unreimbursed monetary loss due to fraud or identity theft; (ii) is fairly traceable to the Cybersecurity Incident; (iii) occurred after the Cybersecurity Incident and before the Claim Form Deadline; (iv) is not already covered by one or more of the ordinary loss categories, and (v) the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

77. **Cash Payment B**

Instead of selecting Cash Payment A, a Settlement Class Member may elect to receive Cash Payment B, which is a flat payment in the amount of $100.00.

78. **Identity Monitoring**

In addition to Cash Payment A or Cash Payment B, Settlement Class

Members may also make a Claim for Identity Monitoring. Settlement Class Members who did not elect to receive the Kroll identity monitoring services previously offered by the Defendants in connection with the Settlement Class Member's Cybersecurity Incident notification letter may elect to receive up to three years of Identity Monitoring. Settlement Class Members who elected to receive 24 months of identity monitoring services previously offered by LoanCare in connection with its initial Cybersecurity Incident notification letter may elect to receive an additional one year of Identity Monitoring. The Identity Monitoring will include: (i) real time monitoring of the credit file at a single bureau; (ii) dark web scanning with notification if evidence of the individual's Personal Information is found; (iii) identity fraud loss insurance (no deductible) up to $1 million; (iv) access to fraud specialists to help investigate instances of identity theft; and (v) identity theft restoration services.

## VI.    **Settlement Approval**

79.    Within 15 days following execution of this Agreement by all Parties and Class Counsel, or as otherwise specified by a court-ordered deadline, Class Counsel shall file a Motion for Preliminary Approval.

80.    The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally

certify the Settlement Class for settlement purposes only; (3) approve the
Notice Program set forth herein and approve the form and content of the
Notices of the Settlement; (4) approve the Claim Form and Claim submission
process; (5) approve the procedures for Settlement Class Members to opt-out
of the Settlement or for Settlement Class Members to object to the Settlement;
(6) appoint Mariya Weekes and Bryan Bleichner as Class Counsel for
Settlement purposes; (7) stay the Action pending Final Approval of the
Settlement; and (8) schedule a Final Approval Hearing for a time and date
mutually convenient for the Court, the Parties, Class Counsel, and Defendants'
Counsel.

## VII.  <u>Settlement Administrator</u>

81.     The Parties agree that, subject to Court approval, Angeion Group
shall be the Settlement Administrator. Plaintiffs shall oversee the Settlement
Administrator, and Defendants will provide information to the Settlement
Administrator about the Settlement Class as the Settlement Administrator
may require. The Settlement Administrator shall fulfill the requirements set
forth in the Preliminary Approval Order and the Agreement and comply with
all applicable laws, including, but not limited to, the Due Process Clause of the
United States Constitution.

82.     The Settlement Administrator shall administer various aspects of
the Settlement as described in the next paragraph and perform such other

functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments to Settlement Class Members who submit Valid Claims.

83.    The Settlement Administrator's duties include:

a.    Providing CAFA Notice;

b.    Completing the Court-approved Notice Program by noticing the Settlement Class by Email Notice or Postcard Notice, sending out Long Form Notices and paper Claim Forms on request from Settlement Class Members, reviewing Claim Forms submitted online or by mail, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

c.    Establishing and maintaining the Settlement Fund and Escrow Account approved by the Parties;

d.    Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, and objections from Settlement Class Members;

e.    Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

f.      Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

g.      Responding to any mailed Settlement Class Member inquiries;

h.      Processing all opt-out requests from the Settlement Class;

i.      Providing weekly reports to Class Counsel and Defendants' Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

j.      In advance of the Final Approval Hearing, preparing a declaration confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k.      Distributing, out of the Settlement Fund, Cash Payments by

electronic means and sending Identity Monitoring activation emails to those Settlement Class Members who elected Identity Monitoring;

l.    Paying Court-approved attorneys' fees and costs out of the Settlement Fund;

m.    Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

n.    Any other Settlement administration function at the instruction of Class Counsel and Defendants, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

## VIII. Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures

84.    Defendants will make available to Class Counsel and the Settlement Administrator the Class List no later than five days after entry of the Preliminary Approval Order. To the extent necessary, Defendants will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

85.    Within 20 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Where email addresses are provided by Defendants for Settlement Class Members, Email

Notice shall be sent by email. Settlement Class Members for which email addresses are not provided, or emails were undelivered (and a postal address is provided by Defendants), shall receive a Postcard Notice by mail.

86.     The Email Notice and Postcard Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for Settlement Class Members to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees and Costs; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel and Defendants' Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

87.     The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-

approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

88.    The Long Form Notice also shall include a procedure for Settlement Class Members to opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class Member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

89.    The Long Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees and Costs, and the Postcard Notice and Email Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the objection instructions. Objections must be filed with the Court, and sent by

U.S. Mail to Class Counsel, Defendants' Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the last day of the Objection Period, as specified in the Notice, and the relevant Settlement Class Member must not have opted out of the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

90.    For an objection to be considered by the Court, the objection must also set forth:

a.    the objector's full name, mailing address, telephone number, and email address (if any);

b.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.    the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior

27

objections that were issued by the trial and appellate courts in each listed case;

       d.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees and Costs;

       e.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

       f.    the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

       g.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

       h.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

       i.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

91.     The Settlement Administrator shall perform reasonable address traces for Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class Members whose new addresses were identified as of that time through address traces.

92.     The Notice Program shall be completed no later than 45 days before the original date set for the Final Approval Hearing.

## IX.     Claim Form Process and Disbursement of Cash Payments

93.     The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

94.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

95.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the

requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

96.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. Where a Settlement Class member submits multiple Claim Forms, the Settlement Administrator shall only review the Claim Form with the highest claimed loss amount for completeness and eligibility. The Settlement Administrator may, at its discretion, contact the Settlement Class member to resolve duplicate claim issues.

97.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud

or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

98.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the

Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendants and Class Counsel otherwise agree.

99.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.    Failure to fully complete and/or sign the Claim Form;

b.    Illegible Claim Form;

c.    The Claim Form is fraudulent;

d.    The Claim Form is duplicative of another Claim Form;

e.    The Claimant is not a Settlement Class Member;

f.    The Claimant submitted a timely and valid request to opt-out of the Settlement Class;

g.    The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.    Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.    The Claim Form otherwise does not comply with the

requirements of this Settlement.

100.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.    The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims.

b.    A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph.

c.    If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendants' Counsel shall be provided with copies of all such notifications to Claimants.

d.    The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

101.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendants' Counsel. Additionally, Class Counsel and Defendants' Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

102.   No person or entity shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

103.   The Settlement Administrator shall distribute the Settlement Class Member Benefits no later than 60 days after the Effective Date.

104.   Cash Payments to Settlement Class Members will be made by electronic payment or by paper check, by sending Settlement Class Members with Valid Claims an email to select from alternative forms of electronic payment or by paper check. Settlement Class Members will have a period of 180 days to select their electronic payment. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and Defendants' Counsel. Absent specific instructions from Class Counsel and Defendants' Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit

their entitlement right to the funds.

105.   The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that include an election for Identity Monitoring with information on how to enroll in the Identity Monitoring, including the activation code.

## X.    Final Approval Order and Final Judgment

106.   Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees and Costs, no later than 45 days before the initial date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees and Costs. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees and Costs, provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

107.  At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees and Costs. Such proposed Final Approval Order shall, among other things:

a.      Determine that the Settlement is fair, adequate and

reasonable;

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine that the Notice Program satisfies Due Process requirements;

d.    Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e.    Release Defendants and the other Released Parties from the Released Claims; and

f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    <u>Attorneys' Fees and Costs</u>

108.    Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of reasonable costs. The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel within five days of the Effective

Date.

109.    This Settlement is not contingent on approval of the request for attorneys' fees and costs, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs were not negotiated until after all material terms of the Settlement.

## XII.    <u>Disposition of Residual Funds</u>

110.    In the event there are funds remaining in the Settlement Fund 20 days following the 180-day period for Settlement Class Members to select the form of electronic payment, following payment of Settlement Class Member Payments, Cash Payments will be subject to a *pro rata* increase from the Net Settlement Fund. This *pro rata* increase to Cash Payments will be made on an equal percentage basis.

## XIII.   <u>Releases</u>

111.    Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims arising out of or relating to the Cybersecurity Incident that the Releasing Parties may have or had, such

as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California Consumer Records Act, California Civil Code Section 1798.80, *et seq*., and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq*, and/or Florida's Deceptive and Unfair Trade Practices Act, Florida Statute section 501.201 *et seq*.  Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

112.  The Parties agree that the Released Claims contemplated in this

Section XIII shall not be construed to release any causes of action brought to enforce the terms of the Agreement.

113. Settlement Class Members who opt-out of the Settlement prior to the expiration of the Opt-Out Period do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

114. Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV. **Termination of Settlement**

115. This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a. Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

b. The Court has entered the Preliminary Approval Order;

c. The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval

Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

116.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated, and will be of no force or effect, and will not be referred to or utilized for any purpose. Should the Court not enter the Preliminary Approval or the Final Approval Order, Defendants do not waive, and expressly reserve, all rights to defend this Litigation and oppose certification of any class in this action.

117.    Defendants shall have the option to terminate this Agreement if more than 5% of the Settlement Class opt-out of the Settlement. Defendants shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this paragraph within 10 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

118.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this

Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

119.   In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendants. However, Defendants shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendants within 20 days of termination.

## XV.   **Effect of Termination**

120.   The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendants', Defendants' Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

121.   In the event the Settlement is terminated in accordance with the

provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.  No Admission of Liability

122.  This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendants have denied and continue to deny each of the claims and contentions alleged in the Complaint. Defendants specifically deny that a class could or should be certified in the Action for litigation purposes. Defendants do not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

123.  Class Counsel have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-

consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

124. This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

125. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

126. In addition to any other defenses Defendants or the Released

Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

127.    Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Agreement as provided herein) in which any of the Released Claims are asserted.

128.    Further, upon entry of the Final Approval Order, each Settlement Class Member shall be barred from initiating, asserting, or prosecuting against any Released Parties any claims that are released by operation of this Agreement and the Final Approval Order.

## XVII. Miscellaneous Provisions

129.    Confidentiality. The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any Person other

than the Parties' counsel, and only for purposes of the Action and Settlement. The Parties will cooperate with each other regarding public statements about the Settlement and may issue a joint statement/press release if they mutually agree to do so. The Parties agree and covenant that they will not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning the Parties or this Agreement. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendants may also provide information about the Settlement Agreement to their attorneys, members, partners, insurers, brokers, agents, clients, regulators, and other persons or entities as required by securities laws or other applicable laws and regulations.

130.    <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

131.    <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties

and the Released Parties.

132. <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

133. <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

134. <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

135. <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

136. <u>Governing Law</u>. Except as otherwise provided herein, the

Agreement shall be construed in accordance with, and be governed by, the laws of the state of Florida, without regard to the principles thereof regarding choice of law.

137.   <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required.

138.   <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

139.  Court Modifications to Agreement. The Parties understand and agree that the time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of both Parties' counsel, without notice to Settlement Class Members except that the Claim Administrator shall ensure that such dates are posted on the Settlement Website. Except for changes to the time periods as set forth in the prior paragraph, all other terms and limitations set forth in this Agreement and in the documents referred to or incorporated herein (including but not limited to the Long Form Notice, Short Form Notice, and the Claim Form) shall be deemed material to the Parties' agreement, and in the event any such other term is altered or amended by the Court (including if the Court refuses to certify the Settlement Class and/or modifies the definition of the class), or any other court, or if any federal or state authority objects to or requires modifications to the Agreement, any Party whose rights or obligations are affected by the alteration or amendment may terminate this Agreement upon written notice to the other Party. The termination of the Agreement shall be deemed effective five (5) days after the provision of notice pursuant to this paragraph, or at any later date agreed in writing by the Parties.

140.  Notices. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

Mariya Weekes
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
201 Sevilla Avenue, 2nd Floor
Coral Gables, FL 33134
Tel: (786) 879-8200
mweekes@milberg.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
bbleichner@chestnutcambronne.com

If to Defendants or Defendants' Counsel:

Ian M. Ross
**SIDLEY AUSTIN LLP**
1001 Brickell Bay, Suite 900
Miami, FL 33131
Tel: (305) 391-5218
iross@sidley.com

Eamon P. Joyce
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Tele: (212) 839-8555
ejoyce@sidley.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

141. <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendants' Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

142. <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement. Likewise, the failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.

143. <u>Authority</u>. Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defendants' Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendants respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

144.  <u>Agreement Mutually Prepared</u>. Neither Plaintiffs nor Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

145.  <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this

Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

146. <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**PLAINTIFFS**

_____
KEVIN CURRY
*Plaintiff*

_____
GREGORY ARROWSMITH
*Plaintiff*

_____
NAMUUN BAT
*Plaintiff*

_____
JOSHUA DRYDEN
*Plaintiff*

_____
RICHARD FREIRE
*Plaintiff*

_____
ANDREW GHARIBIAN
*Plaintiff*

_____
CHRISTOPHER HUMAN
*Plaintiff*

_____
CODY KETTLEWOOD
*Plaintiff*

_____
APRIL MANAR
*Plaintiff*

_____
EISIN JAHWER MARTINEZ
*Plaintiff*

_____
DOUGLAS NEWELL
*Plaintiff*

_____
JOSE PERALTA
*Plaintiff*

_____
RYAN TURIZO
*Plaintiff*


**CLASS COUNSEL**

_____
MARIYA WEEKES
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs and the Settlement Class*

_____

BRYAN BLEICHNER
CHESTNUT CAMBRONNE PA
*Attorneys for Plaintiffs and the Settlement Class*


**LOANCARE, LLC**


_____

By: _____

Its _____


**FIDELITY NATIONAL FINANCIAL, INC**


_____

By: _____

Its _____


**COUNSEL FOR DEFENDANTS**


_____

IAN M. ROSS
SIDLEY AUSTIN LLP


_____

EAMON P. JOYCE
SIDLEY AUSTIN LLP

# Exhibit A.1

# Email Notice (Redline)

**From: Settlement Administrator**

**To:**

**Subject Line: In Re: LoanCare Data Security Breach Litigation Class Action Settlement Notice**

Deleted: r

**Notice ID: <<Refnum>>**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA**
*In Re: LoanCare Data Security Breach Litigation*, No. 3:23-cv-1508-CRK-MCR
A court has authorized this notice.  This is not a solicitation from a lawyer.

Deleted: r

Deleted: MMH

**If You Were Sent a Notice of Data Security Incident Letter From LoanCare, LLC, You Could Be Eligible for a Cash Payment and/or Identity Monitoring from a Class Action Settlement**

**WHO IS A SETTLEMENT CLASS MEMBER?**

In the lawsuit *In Re: LoanCare Data Security Breach Litigation*, Case No. 3:23-cv-1508-CRK-MCR (M.D. Fla.), you are a Settlement Class Member if you were subject to, and previously received a notice letter notifying you of, the Cybersecurity Incident that LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") (collectively "Defendants") discovered in November 2023 ("Settlement Class").

Deleted: r

Deleted: MMH

Deleted: m

Deleted: e

**WHAT ARE THE SETTLEMENT CLASS MEMBER BENEFITS AND TERMS?**

Under the Settlement, Defendants have agreed to pay $5,900,000.00 into a Settlement Fund which will be distributed to Settlement Class Members who submit Valid Claims, after deducting any Court-awarded Attorneys' Fees and Costs, and all Settlement Administration Costs. All Settlement Class Members may submit Claims to receive (a) cash for ordinary losses up to $1,500 and/or for extraordinary losses up to $5,000 (with supporting documentation) or (b) cash payment of $100.00. Settlement Class Members' Cash Payment may be pro rata adjusted up or down based on the total dollar amount of the Valid Claims. In addition to the Cash Payments, Settlement Class Members may submit claims for Identity Monitoring services. You must timely submit a Valid Claim to receive any of the Settlement Class Member Benefits. More information about the types of Claims and how to file is available at the Settlement Website.

Deleted: ¶

**WHAT ARE YOUR RIGHTS AND OPTIONS?**

**Submit a Claim Form.** To qualify for Settlement Class Member Benefits, you must timely mail a Claim Form or timely complete and submit a Claim Form online at www._____.com ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than _____, 2025. Angeion Group, Inc. is the Settlement Administrator. You may also enter an

Commented [CDJ1]: NTD: This is not in the Post Card Notice

Deleted: 4

appearance through an attorney if the member so desires.

**Opt Out or Object.** You may exclude yourself from the Settlement and retain your ability to sue Defendants on your own by mailing a written request for exclusion to the Settlement Administrator that is post marked no later than _____, 2025. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the Released Claims. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, 2025, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Class Claims, Issues, or Defenses:** Plaintiffs allege Defendants failed to employ reasonable security practices to protect Plaintiffs' and Class Members' Private Information and that class certification is warranted. Defendants counter that they employed proper security measures, that Plaintiffs were not harmed as a result of the Cybersecurity Incident, and that each of Plaintiffs' claims warrants an individual determination.

**Do Nothing.** If you do nothing, you will not receive Settlement Class Member Benefits and will lose the right to sue the Released Parties regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at _____.m. EST on _____, 2025, to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Settlement Class?** The Court appointed Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Bryan Bleichner of Chestnut Cambronne PA as Class Counsel to represent the Settlement Class. The attorneys' fees will be paid exclusively from the Settlement Fund as awarded and approved by the Court. Class Counsel may also request reimbursement of their reasonable litigation costs and expenses to be paid from the Settlement Fund. The attorneys' fees will be in an amount of up to $1,966,470.66 (33.33% of the $5,900,000 Settlement Fund). The Motion for Final Approval of the Settlement, with the incorporated Application for Attorneys' Fees and Costs will be posted on the Settlement Website after it is filed with the Court.

**Who is the Judge overseeing this Settlement?** Judge Claire R. Kelly, sitting by designation in the United States District Court for the Middle District of Florida.

**Where may I locate a copy of the Settlement Agreement, learn more about the Action, or learn more about submitting a Claim?** Visit www._____.com or call toll-free 1-XXX-XXX-XXXX.

**This Notice is a summary of the proposed Settlement.**

---

Deleted: ¶

Deleted: 4

Deleted: s

Deleted: 4

Commented [CDJ2]: NTD: This is not in the post card notice.

Commented [CDJ3]: NTD: This is not in the post card notice

Commented [CDJ4]: Added to match Long Form Notice

Commented [CDJ5]: Changed to match revised post card notice

Deleted: 666

Deleted: s

Deleted: Marcia Morales Howard,

Deleted: Distric

Deleted: t Judge,

Commented [CDJ6]: This is not in the post card notice

# Exhibit A.2

# Email Notice (Clean)

**From: Settlement Administrator**

**To:**

**Subject Line: In Re: LoanCare Data Security Breach Litigation Class Action Settlement Notice**

---

**Notice ID: <<Refnum>>**

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

*In Re: LoanCare Data Security Breach Litigation,* **No. 3:23-cv-1508-CRK-MCR**
<u>A court has authorized this notice.  This is not a solicitation from a lawyer.</u>

**If You Were Sent a Notice of Data Security Incident Letter From LoanCare, LLC, You Could Be Eligible for a Cash Payment and Identity Monitoring from a Class Action Settlement**

## WHO IS A SETTLEMENT CLASS MEMBER?

In the lawsuit *In Re: LoanCare Data Security Breach Litigation*, Case No. 3:23-cv-1508-CRK-MCR (M.D. Fla.), you are a Settlement Class Member if you were subject to, and previously received a notice letter notifying you of, the Cybersecurity Incident that LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") (collectively "Defendants") discovered in November 2023 ("Settlement Class").

## WHAT ARE THE SETTLEMENT CLASS MEMBER BENEFITS AND TERMS?

Under the Settlement, Defendants have agreed to pay $5,900,000.00 into a Settlement Fund which will be distributed to Settlement Class Members who submit Valid Claims, after deducting any Court-awarded Attorneys' Fees and Costs, and all Settlement Administration Costs. All Settlement Class Members may submit Claims to receive (a) cash for ordinary losses up to $1,500 and/or for extraordinary losses up to $5,000 (with supporting documentation) or (b) cash payment of $100.00. Settlement Class Members' Cash Payment may be pro rata adjusted up or down based on the total dollar amount of the Valid Claims. In addition to the Cash Payments, Settlement Class Members may submit claims for Identity Monitoring services. You must timely submit a Valid Claim to receive any of the Settlement Class Member Benefits. More information about the types of Claims and how to file is available at the Settlement Website.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for Settlement Class Member Benefits, you must timely mail a Claim Form or timely complete and submit a Claim Form online at www.----------------.com ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than _____, 2025. Angeion Group, Inc. is the Settlement Administrator. You may also enter an

appearance through an attorney if the member so desires.

**Opt Out or Object.** You may exclude yourself from the Settlement and retain your ability to sue Defendants on your own by mailing a written request for exclusion to the Settlement Administrator that is post marked no later than _____, **2025**. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the Released Claims. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2025**, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Class Claims, Issues, or Defenses**: Plaintiffs allege Defendants failed to employ reasonable security practices to protect Plaintiffs' and Class Members' Private Information and that class certification is warranted. Defendants counter that they employed proper security measures, that Plaintiffs were not harmed as a result of the Cybersecurity Incident, and that each of Plaintiffs' claims warrants an individual determination.

**Do Nothing.** If you do nothing, you will not receive Settlement Class Member Benefits and will lose the right to sue the Released Parties regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at ____.m. EST on _____, 2025, to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Settlement Class?** The Court appointed Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Bryan Bleichner of Chestnut Cambronne PA as Class Counsel to represent the Settlement Class. The attorneys' fees will be paid exclusively from the Settlement Fund as awarded and approved by the Court. Class Counsel may also request reimbursement of their reasonable litigation costs and expenses to be paid from the Settlement Fund. The attorneys' fees will be in an amount of up to $1,966,470.66 (33.33% of the $5,900,000 Settlement Fund). The Motion for Final Approval of the Settlement, with the incorporated Application for Attorneys' Fees and Costs will be posted on the Settlement Website after it is filed with the Court.

**Who is the Judge overseeing this Settlement?** Judge Claire R. Kelly, sitting by designation in the United States District Court for the Middle District of Florida.

**Where may I locate a copy of the Settlement Agreement, learn more about the Action, or learn more about submitting a Claim?** Visit www.---------------.com or call toll-free 1-XXX-XXX-XXXX.

**This Notice is a summary of the proposed Settlement.**

# Exhibit B.1

# Postcard Notice (Redline)

*In Re: LoanCare Data Security*
*Breach Litigation*
c/o Settlement Administrator
PO Box XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**Deleted:** *r*

**NOTICE OF CLASS ACTION
SETTLEMENT**

**If you were sent a notice of data
security incident letter from
LoanCare, LLC, you are entitled to
submit a claim for monetary
compensation under a class action
settlement.**

**www----------.com
1-XXX-XXX-XXXX**

<<Barcode>>

Notice ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## WHO IS A CLASS MEMBER?

In the lawsuit *In Re: LoanCare Data Security Breach Litigation*, No. 3:23-cv-1508-CRK-MCR (M.D. Fla.), you are a Settlement Class member if you were subject to, and previously received a notice letter notifying you of, the Cybersecurity Incident that LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") discovered in November 2023 ("Settlement Class").

## WHAT ARE THE SETTLEMENT CLASS BENEFITS AND TERMS?

Under the Settlement, Defendants have agreed to pay $5,900,000.00 into a Settlement Fund which will be distributed to Settlement Class Members who submit Valid Claims, after deducting any Court-awarded Attorneys' Fees and Costs, and all Settlement Administration Costs. All Settlement Class Members may submit Claims to receive (a) cash for ordinary losses up to $1,500 and/or (b) cash for extraordinary losses up to $5,000 (with supporting documentation) *or* (b) cash payment of $100.00. Settlement Class Members' Cash Payment may be *pro rata* adjusted up or down based on the total dollar amount of the Valid Claims. In addition to the Cash Payments, Settlement Class Members may submit claims for Identity Monitoring services. You must timely submit a Valid Claim to receive any of the Settlement Class Member Benefits. More information about the types of Claims and how to file is available at the Settlement Website.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for a Cash Payment or Identity Monitoring, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at www._____.com ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than _____, 2025. Angeion is the Settlement Administrator.

**Opt Out.** You may exclude yourself from the Settlement and retain your ability to sue Defendants on your own by mailing a written request for exclusion to the Settlement Administrator that is post marked no later than _____, 2025. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the Released Claims.

**Object.** If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, 2025, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Do Nothing.** If you do nothing, you will not receive Settlement Class Member Benefits and will lose the right to sue regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a **Final Approval Hearing** on _____, 2025 at [time]. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the Class Representatives?** Kevin Curry, Gregory Arrowsmith, Namuun Bat, Richard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer Martinez, Douglas Newell, and Jose Peralta are the Plaintiffs and Class Representative in this lawsuit. They have remained engaged in representing the Class's interests during this litigation and reviewed and approved the terms of the proposed Settlement. There are over one million Settlement Class Members whose personal information may have been impacted in Defendants' Cybersecurity Incident.

**Claims, Issues, or Defenses:** Plaintiffs allege that Defendants failed to employ reasonable security practices to protect Plaintiffs' and Class Members' Private Information. Defendants counter that they employed proper security measures, and Plaintiffs were not harmed as a result of the Cybersecurity Incident, and that each of Plaintiffs' claims warrants an individual determination.

**Who are the attorneys for the Plaintiffs and the proposed Settlement Class?** Class Counsel is Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Bryan Bleichner of Chestnut Cambronne PA.

**Do I have any obligation to pay attorneys' fees or costs?** No. The attorneys' fees and costs will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount not to exceed 33.33% of the $5,900,000 Settlement Fund (*i.e.* no more than $1,966,470.66). The Motion for Final Approval with the incorporated Application for Attorneys' Fees and Costs will be posted on the Settlement Website after it is filed with the Court.

**When is the Final Approval Hearing?** The Final Approval Hearing, where the Court will determine if the Settlement is fair, reasonable, and adequate, will be conducted on 2025 at [time].

**Who is the Judge overseeing this Settlement?** Judge Claire R. Kelly, by designation in the United States District Court for the Middle District of Florida.

**When may I locate a copy of the Settlement Agreement, learn more about the Action, or learn more about submitting a Claim?** www._____.com.
\*\*\* Please note that if you wish to submit a Claim for compensation for ordinary or extraordinary losses on the attached Claim Form, you will likely need to submit your Claim online so you may attach all information necessary to support your request for payment for such out-of-pocket losses. If you wish to receive just the $100.00 Cash Payment or Identity Monitoring, the attached tear off Claim Form

**Deleted:** r…: LoanCare Data Security Breach Litigation, No. 3:23-cv-1508-MMH

**Formatted:** Highlight

**Deleted:** 4

**Deleted:** Joshua Dryden, …ichard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer Martinez, Douglas Newell, and Jose Peralta, and Ryan Turizo

**Deleted:** e

**Deleted:** 666

**Deleted:** 4

**Deleted:** s

**Deleted:** 4

**Formatted**

**Deleted:** s…ttlement? Judge Claire R. Kelly, by designation in the United States District Court for the,

**Deleted:** Marcia Morales Howard, United States District Judge,

**Deleted:** s

**Deleted:** 4

should suffice. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed settlement.**



BRM
Postage

In Re: LoanCare Data
Security Breach Litigation
c/o Settlement Administrator
(city, state, zip code)

**Deleted:** r

Notice ID: <<Refnum>>                                    <<Barcode>>

**CLAIM FORM**

Claims must be postmarked no later than ▓▓▓▓▓, 202̶5̶. You may also submit a Claim Form online no later than ▓▓▓▓▓, 202̶5̶.

NAME: _____  EMAIL: _____

ADDRESS:_____

**YOU ARE ELIGIBLE FOR MONETARY COMPENSATION AND IDENTITY MONITORING**

**Monetary Compensation:** All Settlement Class Members may submit claims to either Cash Payment A **or** Cash Payment B. As part of Cash Payment A, Settlement Class Members may seek reimbursement for ordinary losses up to $1,500 or extraordinary losses up to $5,000. As part of Cash Payment B, Settlement Class Members may seek a payment in the amount of $100. You may claim one Settlement benefit. However, if you wish to make a Claim for ordinary or extraordinary losses, you must either do so by filing a Claim online at the Settlement Website, or by printing the full Claim form found on the Settlement Website and submitting via mail. This is because of the need to submit supporting documentation for this Claim.

**Identity Monitoring Services:** You may be eligible to receive three years of Identity Monitoring, or one year of Identity Monitoring if you previously elected to receive 24 months of identity monitoring services offered by LoanCare in connection with its initial Notice of Data Security Incident letter. Would you like to receive Identity Monitoring? (circle one)  Yes __  No___

**YOU MAY ONLY USE THIS CLAIM FORM FOR THE CASH PAYMENT B FOR $100.00.**

**Cash Payment of $100**: Would you like to receive a Cash Payment under the Settlement? (circle one)     Yes          No

   If you are a Settlement Class Member, you may receive an estimated $100 cash payment, which may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all Claims are submitted.

**Select from one of the following payment options:**
*PayPal _____    *Venmo_____    *Zelle_____    *Virtual Prepaid Card _____ (requires an email address)   Check ____
*Please provide your email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card: _____

Deleted: 4

Deleted: 4

Deleted: submitted

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this Claim Form to the best of my personal knowledge.** _____ **(signature)**



# Exhibit B.2

# Postcard Notice (Clean)

*In Re: LoanCare Data Security*
*Breach Litigation*
c/o Settlement Administrator
PO Box XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

## NOTICE OF CLASS ACTION SETTLEMENT

**If you were sent a notice of data security incident letter from LoanCare, LLC, you are entitled to submit a claim for monetary compensation under a class action settlement.**

**www-----------.com**
**1-XXX-XXX-XXXX**

<<Barcode>>

Notice ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## WHO IS A CLASS MEMBER?

In the lawsuit *In Re: LoanCare Data Breach Litigation.*, No. 3:23-cv-01508-CRK-MCR (M.D. Fla.), you are a Settlement Class member if you were subject to, and litigation and reviewed and approved the terms of the proposed Settlement. There are previously received a notice letter notifying you of, the Cybersecurity Incident LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") discovered in November 2023 ("Settlement Class").

## WHAT ARE THE SETTLEMENT CLASS BENEFITS AND TERMS?

Under the Settlement, Defendants have agreed to pay $5,900,000.00 into a Settlement Fund which will be distributed to Settlement Class Members who submit Valid Claims, after deducting any Court-awarded Attorneys' Fees and Costs, and all Settlement Administration Costs. All Settlement Class Members may submit Claims to receive (a) cash for ordinary losses up to $1,500 and for extraordinary losses up to $5,000 (with supporting documentation) *or* (b) cash payment of $100.00. Settlement Class Members' Cash Payment may be *pro rata* adjusted up or down based on the total dollar amount of the Valid Claims. In addition to the Cash Payments, Settlement Class Members may submit claims for Identity Monitoring services. You must timely submit a Valid Claim to receive any of the Settlement Class Member Benefits. More information about the types of Claims and how to file is available at the Settlement Website.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for a Cash Payment or Identity Monitoring, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at www._____.com ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than _____, **2025**. Angeion is the Settlement Administrator. You can also enter an appearance through an attorney.

**Opt Out.** You may exclude yourself from the Settlement and retain your ability to sue Defendants on your own by mailing a written request for exclusion to the Settlement Administrator that is post marked no later than _____, **2025**. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the Released Claims.

**Object.** If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2025**, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Do Nothing.** If you do nothing, you will not receive Settlement Class Member Benefits and will lose the right to sue regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing on _____, 2025 at [time].** All persons who timely object to the settlement by ____,2025 may appear at the Final Approval Hearing.

**Who are the Class Representatives?** Kevin Curry, Gregory Arrowsmith, Namuun Bat, Richard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer

Martinez, Douglas Newell, and Jose Peralta, are the Plaintiffs and Class Representative in this lawsuit. They have retained Class Counsel to protect the Class's interests during the litigation. Settlement Class Members whose personal information may have been impacted in Defendants' Cybersecurity Incident.

**Claims, Issues, or Defenses:** Plaintiffs allege that Defendants failed to employ reasonable security practices to protect Plaintiffs' and Class Members' Private Information. Defendants counter that they employed proper security measures, Plaintiffs were not harmed as a result of the Cybersecurity Incident, and that each of Plaintiffs' claims warrants an individual determination.

**Who are the attorneys for the Plaintiffs and the proposed Settlement Class?** Class Counsel is Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Bryan Bleichner of Chestnut Cambronne PA.

**Do I have any obligation to pay attorneys' fees or costs?** No. The attorneys' fees and costs will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount not to exceed 33.33% of the $5,900,000 Settlement Fund (*i.e.* no more than $1,966,470.66). The Motion for Final Approval with the incorporated Application for Attorneys' Fees and Costs will be posted on the Settlement Website after it is filed with the Court.

**When is the Final Approval Hearing?** The Final Approval Hearing, where the Court will determine if the Settlement is fair, reasonable, and adequate, will be conducted on _____ **2025 at [time].**

**Who is the Judge overseeing this Settlement?** Judge Claire R. Kelly, by designation in the United States District Court for the Middle District of Florida.

**Where may I locate a copy of the Settlement Agreement, learn more about the Action, or learn more about submitting a Claim?** www._____.com or call toll-free 1-XXX-XXX-XXXX

\*\*\* Please note that if you wish to submit a Claim for compensation for ordinary or extraordinary losses on the attached Claim Form, you will likely need to submit your Claim online so you may attach all information necessary to support your request for payment for such out-of-pocket losses. If you wish to receive just the $100.00 Cash Payment or Identity Monitoring, the attached tear off Claim Form should suffice. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed settlement.**



BRM
Postage

In Re: LoanCare Data
Security Breach Litigation
c/o Settlement Administrator
(city, state, zip code)

Notice ID: <<Refnum>>                                                                              <<Barcode>>

## CLAIM FORM

**Claims must be postmarked no later than _____, 2025 You may also submit a Claim Form online no later than _____, 2025.**

NAME: _____ EMAIL: _____

ADDRESS:_____

### YOU ARE ELIGIBLE FOR MONETARY COMPENSATION AND IDENTITY MONITORING

**Monetary Compensation:** All Settlement Class Members may submit claims to either Cash Payment A **or** Cash Payment B. As part of Cash Payment A, Settlement Class Members may seek reimbursement for ordinary losses up to $1,500 or extraordinary losses up to $5,000. As part of Cash Payment B, Settlement Class Members may seek a payment in the amount of $100. You may claim one Settlement benefit. However, if you wish to make a Claim for ordinary or extraordinary losses, you must either do so by filing a Claim online at the Settlement Website, or by printing the full Claim form found on the Settlement Website and submitting via mail. This is because of the need to submit supporting documentation for this Claim.

**Identity Monitoring Services:** You may be eligible to receive three years of Identity Monitoring, or one year of Identity Monitoring if you previously elected to receive 24 months of identity monitoring services offered by LoanCare in connection with its initial Notice of Data Security Incident letter. Would you like to receive Identity Monitoring? (circle one)  Yes \_\_  No\_\_\_

### YOU MAY ONLY USE THIS CLAIM FORM FOR THE CASH PAYMENT B FOR $100.00.

**Cash Payment of $100**: Would you like to receive a Cash Payment under the Settlement? (circle one)      Yes        No

If you are a Settlement Class Member, you may receive an estimated $100 cash payment, which may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all Claims are submitted.

**Select from one of the following payment options:**
\*PayPal _____    \*Venmo\_\_\_\_\_    \*Zelle\_\_\_\_\_    \*Virtual Prepaid Card \_\_\_\_\_ (requires an email address)   Check \_\_\_\_
\*Please provide your email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card: _____

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this Claim Form to the best of my personal knowledge.** _____ **(signature)**

# Exhibit C.1

# Long Form Notice (Redline)

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA**
*In Re: LoanCare Data Security Breach Litigation*, No. 3:23-cv-1508-CRK-MCR
A court has authorized this notice.  This is not a solicitation from a lawyer.

---

**If You Were Subject to the LoanCare, LLC and Fidelity National Financial, Inc. Data Cybersecurity Incident and Previously Received a Notice Letter Regarding the Data Security Incident, You Could be Eligible for a Cash Payment and Identity Monitoring from a Class Action Settlement**

- You may be eligible to receive a Cash Payment or Identity Monitoring from a proposed $5,900,000.00 all cash settlement ("Settlement Fund").
- The Action concerns a Cybersecurity Incident that occurred on or about November 19, 2023 involving LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") (collectively "Defendants") in which an unauthorized third-party accessed certain systems within FNF's information technology network may have accessed or acquired the personal information of certain LoanCare customers, including full names, addresses, Social Security numbers, and loan numbers ("Personal Information"). Defendants deny any wrongdoing and deny they have any liability, but have agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a Claim, you must have received a Notice of Data Breach letter from LoanCare of the Cybersecurity Incident that occurred on November 19, 2023.
- Settlement Class members will be eligible to receive a Cash Payment and may choose from one of two options: Cash Payment A or Cash Payment B. Additionally, Settlement Class members may elect to receive Identity Monitoring:

  ❖ **Cash Payment A:** **Reimbursement for unreimbursed ordinary losses or expenses up to $1,500.00 per person with supporting documentation and/or reimbursement for extraordinary losses up to $5,000.00 per person, with supporting documentation; or**

  ❖ **Cash Payment B:** **Instead of selecting Cash Payment A, a Settlement Class Member may elect to receive Cash Payment B, which is a flat payment in the amount of $100.00.**

  ❖ **These Cash Payments will be increased or decreased *pro rata* depending on the amount of Valid Claims received and payable out of the Settlement Fund.**

  ❖ **Identity Monitoring:** **A Settlement Class Member may also elect to submit a claim for three years of Identity Monitoring, including: (i) real time monitoring of the credit file at a single bureau; (ii) dark web scanning with notification if evidence of the individual's Personal Information is found; (iii) identity fraud loss insurance (no deductible) up to $1 million; (iv) access to fraud specialists to help investigate instances of identity theft; and (v) identity theft restoration services. A Settlement Class Member will receive one year of Identity Monitoring if you previously elected to receive 24 months of identity monitoring services previously offered by LoanCare in connection with its**

Page 1 of 10

**initial Notice of Data Breach letter.**

- For more information or to submit a claim visit **www.-----------.com** or call 1-###-###-####.
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Cash Payment or Identity Monitoring. | Submitted or Postmarked on or before _____, 2025. |
| **Exclude Yourself By Opting-Out of the Class** | Receive no Cash Payment or Identity Monitoring. This is the only option that allows you to keep your right to bring any other lawsuit against Defendants for the same claims if you are a Settlement Class Member. | Submitted or Postmarked on or before _____, 2025 |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write to the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2025 about the fairness of the Settlement, with or without your own attorney. | Received on or Before _____, 2025 |
| **Do Nothing** | Receive no Cash Payment and no Identity Monitoring. Give up rights if you are a Settlement Class Member. | No Deadline. |

- Your rights and options as a Settlement Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to class members will be made if the Court approves the Settlement and after any possible appeals are resolved.

| What This Notice Contains |
|---|

Basic Information ......................................................................................................................... 3

Who is in the Settlement ............................................................................................................. 3

The Settlement Class Member Benefits—What You Get if You Qualify ...................................... 4

How do You Submit a Claim ....................................................................................................... 5

What Does Defendants Get ......................................................................................................... 5

Opting-Out of the Settlement ..................................................................................................... 5

Objecting to the Settlement ......................................................................................................... 6

The Lawyers Representing You .................................................................................................... 7

The Court's Final Approval Hearing ........................................................................7

If You Do Nothing .................................................................................................8

Getting More Information .......................................................................................8

## BASIC INFORMATION

### 1.    Why is there a notice?

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Claire R. Kelly, of the United States Court of International Trade sitting by designation in the United States District Court for the Middle District of Florida, is overseeing this case captioned as *In Re: LoanCare Data Security Breach Litigation*, No. 3:23-cv-1508-CRK-MCR (M.D. Fla.). The people who brought the lawsuit are called the Plaintiffs. The Plaintiffs are Kevin Curry, Gregory Arrowsmith, Namuun Bat, Richard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer Martinez, Douglas Newell, and Jose Peralta. The entities being sued, LoanCare, LLC and Fidelity National Financial, Inc., are called the Defendants.

| | |
|---|---|
| **Deleted:** Judge Monica Morales Howard of | |
| **Deleted:** r | |
| **Deleted:** MMH | |
| **Deleted:** Joshua Dryden, | |
| **Deleted:** , and Ryan Turizo. | |

### 2.    What is this lawsuit about?

Pursuant to Fed. R. Civ. P. 23(c)(2)(B)(iv), the lawsuit claims that Defendants were responsible for the Cybersecurity Incident and asserts claims such as negligence, breach of implied contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and declaratory judgment and injunctive relief.

**Deleted:** T

Defendants deny these claims, including denying that they did anything wrong and denying that the Cybersecurity Incident caused any harm to any LoanCare customers whose personal data may have been accessed or acquired in the Cybersecurity Incident. No court or other judicial entity has made any judgment, finding, or other determination that Defendants have any liability for these claims or did anything wrong.

| | |
|---|---|
| **Deleted:** c | |
| **Deleted:** at | |
| **Deleted:** and deny they did anything wrong. | |

### 3.    Why is this lawsuit a class action?

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who opt-out of the settlement.

**Deleted:** S

### 4.    Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members"). The Class Representatives appointed to represent the Settlement Class and the attorneys for the Settlement Class ("Class Counsel," see Question 18) think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

**5.    How do I know if I am part of the Settlement?**

You are affected by the Settlement and potentially a Settlement Class Member if you reside in the United States and received notice from the Defendants that your Personal Information may have been compromised in the Cybersecurity Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are (1) all persons who are employees, directors, officers, and agents of LoanCare and FNF; (2) governmental entities; (3) the Judges assigned to the Action, the Judges' immediate family, and Court staff; and (4) Settlement Class Members who submit a valid request to opt-out of the Settlement.

**6.    What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions.  You may also write with questions to:

Settlement Administrator
address
address
www.------------------.com

## THE SETTLEMENT CLASS BENEFITS – WHAT YOU GET IF YOU QUALIFY

**7.    What does the Settlement provide?**

The Settlement provides that Defendants will pay $5,900,000.00 for the following: (a) Cash Payment A which compensates Settlement Class Members up to $1,500.00 for unreimbursed ordinary losses and/or up to $5,000.00 for unreimbursed extraordinary losses; (b) Cash Payment B which compensates Settlement Class Members with a flat $100.00 cash payment that may be *pro rata* increased or decreased based on the number of claims submitted; (c) up to three years of Identity Monitoring at Defendant's expense; (d) all Settlement Administration Costs; and (e) any attorneys' fees and costs awarded by the Court to Class Counsel.

The Cash Payments will be dispersed after the distribution of attorneys' fees (which include Class Counsel's costs), Settlement Administration Costs, and the cost of Identity Monitoring. For purposes of calculating the amount of the increase or decrease to the Cash Payments, the Settlement Administrator must distribute the funds in the Settlement Fund first for payment of Identity Monitoring and then for Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis. In the unexpected event the value of the Identity Monitoring on its own exhausts the amount of the Settlement Fund, the length of the Identity Monitoring provided will be reduced as necessary to bring the cost within the Settlement Fund. Payment of (1) attorneys' fees, costs, and expenses (see Question 19) and (2) the costs of notifying the Settlement Class and administering the Settlement will also be paid out of the Settlement Fund.

---

*Margin annotations:*

**Commented [CDJ6]:** Flagging that the current class list has non-US addresses.

**Deleted:** at

**Deleted:** 's

**Deleted:** m

**Formatted:** Font: Italic

**Deleted:** , Class Counsel's litigation costs,

**Deleted:** Net

**Deleted:** Net

**Deleted:** Net

**Deleted:** ¶

**Deleted:** ¶
¶

## 8.    What payments are available for reimbursement under the Settlement?

Deleted: ¶

Settlement Class Members who submit a valid Claim are eligible to receive one of the following:

<u>Cash Payment A:</u>

a)    Reimbursement of actual, documented, unreimbursed ordinary losses resulting from the Cybersecurity Incident (up to $1,500.00 in total), such as the following incurred on or after November 19, 2023:

Deleted: S

- any costs incurred from credit monitoring services or ordering copies of your credit report;
- late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, and/or card cancellation or replacement fees;
- late fees from transactions with third parties that were delayed due to fraud or card replacement;
- unauthorized charges on credit, debit, or other payment cards that were not reimbursed;
- parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- costs incurred obtaining credit freezes;
- long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used);
- postage or gasoline for local travel; and,
- other expenses that are reasonably attributable to the Cybersecurity Incident that were not reimbursed.

      AND/OR

b)    Reimbursement for extraordinary losses resulting from the Cybersecurity Incident (up to $5000.00 in total), such as the following incurred on or after November 19, 2023:

Deleted: S

- any costs incurred from actual, documented and unreimbursed monetary loss due to fraud or identity theft not already covered by one or more of the ordinary loss categories that the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for, including but not limited to exhaustion of all available credit monitoring assistance and identity theft insurance.

<u>Cash Payment B:</u>

a)    A Cash Payment of $100.00.

All Cash Payments may be adjusted upward or downward *pro rata* based on the value of all Valid Claims.

### HOW DO YOU SUBMIT A CLAIM?

Formatted: Keep with next

## 9.    How do I get a benefit?

To receive a Settlement Class Member Benefit under the Settlement, you must complete and submit a Claim for that benefit ("Claim"). Every Claim must be made on a form ("Claim Form") available at **www.--------------.com** or by calling 1-###-###-####. Claim Forms will also be sent to Settlement Class Members as part of the Postcard Notice and tear-off claim form that will be mailed to

Deleted: m

Settlement Class Members, as well as by email for Settlement Class Members for which email addresses are provided. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

Pursuant to Fed. R. Civ. P. 23(c)(2)(B)(iii), a class member may enter an appearance through an attorney if the member so desires.

**10.  How will claims be decided?**

The Settlement Administrator, Angeion Group, Inc., will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner, then the Claim will be considered invalid and will not be paid.

**11.  When will I get my payment?**

The Court will hold a Final Approval Hearing on _____, 2025 at _____.m. EST to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed.  Please be patient.

**WHAT DO DEFENDANTS GET?**

**12.  What am I giving up as part of the Settlement?**

The Defendants get a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not opt-out of the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendants and other persons ("Released Parties") as to all claims ("Released Claims") arising out of or relating to the Cybersecurity Incident. This release is described in the Settlement Agreement, which is available at **www--------.com.** If you have any questions, you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

**OPTING-OUT OF THE SETTLEMENT**

If you do not want to be part of this Settlement, then you must take steps to opt-out of the Settlement Class.  This is sometimes referred to as "opting-out" of the Settlement Class.

**13.  If I exclude myself, can I get a payment from this Settlement?**

No. If you opt-out, you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

**14.  If I do not exclude myself, can I sue Defendant for the same thing later?**

No. Unless you opt-out, you give up any right to sue Defendants (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, do not submit a Claim Form to ask for any benefit under the Settlement.

**15.  How do I Opt-Out of the Settlement?**

To opt-out, send a letter that says you want to be excluded or opt-out from the Settlement in *In Re: LoanCare Data Security Breach Litigation*, No. 3:23-cv-1508-CRK-MCR (M.D. Fla.). The letter

---

**Margin comments:**

Deleted: m

Deleted: m

Deleted: 4

Commented [CDJ8]: Given the next sentence, should this be "opt-out" ?

Deleted: r

Deleted: MMH

must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your opt-out request postmarked by _____, 2025, to:

LoanCare Settlement Administrator
Attn: Exclusion Request
address
address

**OBJECTING TO THE SETTLEMENT**

**16.  How do I tell the Court that I do not like the Settlement?**

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, timely written notice of an objection in the appropriate form must be filed with or submitted to the Clerk of the Court on or before the Objection Deadline: **[Month, Date]**, 2025. The address for the Clerk of Court is U.S. District Court Clerk's Office, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202.

[Addresses]

Your objection must be written and must include all of the following: (1) the objector's full name, address, email address (if any), and telephone number; (2) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (3) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling on the objector's prior objections that were issued by the trial and appellate courts in each listed case; (4) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Approval of Attorneys' Fees and Costs; (5) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (6) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (7) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (9) the objector's signature (an attorney's signature is not sufficient).

| Clerk of Court | Class Counsel |
|---|---|
| U.S. District Court Clerk's Office, Bryan Simpson United States Courthouse, 300 North | Mariya Weekes MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC 201 Sevilla Avenue, 2nd Floor |

| | |
|---|---|
| Hogan Street, Jacksonville, FL 32202 | Coral Gables, FL 33134<br>Mweekes@milberg.com<br><br>Bryan L. Bleichner<br>CHESTNUT CAMBRONNE PA<br>100 Washington Avenue South, Suite 1700<br>Minneapolis, MN 55401<br>Tel: (612) 339-7300<br>bbleichner@chestnutcambronne.com |
| **Defendant's Counsel** | **Settlement Administrator** |
| Jan M. Ross<br>**Sidley Austin LLP**<br>1001 Brickell Bay, Ste. 900<br>Miami, FL 33131<br>Tel: (40 | <<Mailing Caption>><br>c/o Angeion Group |

> **Formatted:** Centered
> **Formatted:** Font: Bold
> **Formatted:** Font: Not Bold
> **Formatted:** Font: Not Bold
> **Formatted:** Font: Not Bold

**17. What is the difference between objecting and asking to be excluded?**

> **Formatted:** Keep with next

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Opting-out is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any of the Settlement Class Member Benefits. If you opt-out, then you have no basis to object because you are no longer a member of the Settlement Class and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

> **Deleted:** from the Settlement
> **Commented [CDJ10]:** Should this be Settlement?

### THE LAWYERS REPRESENTING YOU

**18. Do I have a lawyer in this case?**

Yes. The Court appointed Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Bryan Bleichner of Chestnut Cambronne PA as Class Counsel to represent the Class. Ms. Weekes may be contacted at 201 Sevilla Avenue, Suite 200, Coral Gables, FL 33134; Email: mweekes@milberg.com; Mr. Bleichner may be contacted at 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401; Email: bbleichner@chestnutcambronne.com.

If you want to be represented by your own lawyer, then you may hire one at your own expense.

**19. How will the lawyers be paid?**

Class Counsel will ask the Court for an award for attorneys' fees up to 33.33% of the Settlement Fund ($1,966,470.66), inclusive of costs. This payment for any attorneys' fees and costs to Class Counsel will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement, and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

> **Deleted:** 666
> **Deleted:** plus reasonable costs.

Any award for attorneys' fees and costs for Class Counsel must be approved by the Court. The Court may award less than the amount requested. Class Counsel's Motion for Final Approval of the

Settlement will be filed no later than _____, 2025, Class Counsel filed their Application for Attorneys' Fees on February 13, 2025 and the filing is available on the Settlement Website. The Motion for Final Approval will also be posted on the Settlement Website.

**THE COURT'S FINAL APPROVAL HEARING**

**20.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____ m. ET on _____, 2025, at the Bryan Simpson United States Federal Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees, reasonable costs and expenses, and any service awards. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking **www.----------------.com** or calling 1-###-###-####.

**21.   Do I have to attend the hearing?**

No. Class Counsel will present the Settlement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

**22.   May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **filed** with or submitted to the Clerk of the Court no later than _____, 2025. See Question 16 for further details on the requirements for submitting an objection to the Settlement.

**IF YOU DO NOTHING**

**23.   What happens if I do nothing?**

If you do nothing, you will not get a Cash Payment or Identity Monitoring from this Settlement. If the Settlement is granted Final Approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Parties  based on any of the Released Claims related to the Cybersecurity Incident, ever again.

**GETTING MORE INFORMATION**

**24.   How do I get more information?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.------------------.com.**   You may also

---

**Deleted:** 4

**Deleted:** , which will include their application for attorneys' fees and costs.

**Deleted:** _

**Deleted:** ¶
¶
¶

**Deleted:** 4

**Deleted:** No.

**Deleted:** ,

call the Settlement Administrator with questions or to receive a Claim Form at <mark>1-###-###-####</mark>.

This notice is approved by the United States District Court for the Middle District of Florida. **DO NOT CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

**Deleted:** N

# Exhibit C.2

# Long Form Notice (Clean)

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA**

*In Re: LoanCare Data Security Breach Litigation,* No. 3:23-cv-1508-CRK-MCR
<u>A court has authorized this notice. This is not a solicitation from a lawyer.</u>

---

**If You Were Subject to the LoanCare, LLC and Fidelity National Financial, Inc. Data
Cybersecurity Incident and Previously Received a Notice Letter Regarding the Data Security
Incident, You Could be Eligible for a Cash Payment and Identity Monitoring from a Class
Action Settlement**

---

- You may be eligible to receive a Cash Payment or Identity Monitoring from a proposed $5,900,000.00 all cash settlement ("Settlement Fund").
- The Action concerns a Cybersecurity Incident that occurred on or about November 19, 2023 involving LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") (collectively "Defendants") in which an unauthorized third-party accessed certain systems within FNF's information technology network may have accessed or acquired the personal information of certain LoanCare customers, including full names, addresses, Social Security numbers, and loan numbers ("Personal Information"). Defendants deny any wrongdoing and deny they have any liability but have agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a Claim, you must have received a Notice of Data Breach letter from LoanCare of the Cybersecurity Incident that occurred on November 19, 2023.
- Settlement Class members will be eligible to receive a Cash Payment and may choose from one of two options: Cash Payment A or Cash Payment B. Additionally, Settlement Class members may elect to receive Identity Monitoring:

  ❖ **<u>Cash Payment A:</u> Reimbursement for unreimbursed ordinary losses or expenses up to $1,500.00 per person with supporting documentation and/or reimbursement for extraordinary losses up to $5,000.00 per person, with supporting documentation; or**

  ❖ **<u>Cash Payment B:</u> Instead of selecting Cash Payment A, a Settlement Class Member may elect to receive Cash Payment B, which is a flat payment in the amount of $100.00.**

  ❖ **These Cash Payments will be increased or decreased *pro rata* depending on the amount of Valid Claims received and payable out of the Settlement Fund.**

  ❖ **<u>Identity Monitoring:</u> A Settlement Class Member may also elect to submit a claim for three years of Identity Monitoring, including: (i) real time monitoring of the credit file at a single bureau; (ii) dark web scanning with notification if evidence of the individual's Personal Information is found; (iii) identity fraud loss insurance (no deductible) up to $1 million; (iv) access to fraud specialists to help investigate instances of identity theft; and (v) identity theft restoration services. A Settlement Class Member will receive one year of Identity Monitoring if you previously elected to receive 24 months of identity monitoring services previously offered by LoanCare in connection with its**

**initial Notice of Data Breach letter.**

- For more information or to submit a claim visit www.-----------.com or call 1-###-###-####.
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

|  | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Cash Payment or Identity Monitoring. | Submitted or Postmarked on or before _____, 2025 |
| **Exclude Yourself By Opting-Out of the Class** | Receive no Cash Payment or Identity Monitoring. This is the only option that allows you to keep your right to bring any other lawsuit against Defendants for the same claims if you are a Settlement Class Member. | Submitted or Postmarked on or before _____, 2025 |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write to the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2025 about the fairness of the Settlement, with or without your own attorney. | Received on or Before _____, 2025 |
| **Do Nothing** | Receive no Cash Payment and no Identity Monitoring. Give up rights if you are a Settlement Class Member. | No Deadline. |

- Your rights and options as a Settlement Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to class members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

**Basic Information** ................................................................................................................3

**Who is in the Settlement** .....................................................................................................3

**The Settlement Class Member Benefits—What You Get if You Qualify** .....................4

**How do You Submit a Claim** ...............................................................................................5

**What Does Defendants Get** .................................................................................................5

**Opting-Out of the Settlement** ............................................................................................5

**Objecting to the Settlement** ...............................................................................................6

**The Lawyers Representing You** ..........................................................................................7

**The Court's Final Approval Hearing** ........................................................................... 7

**If You Do Nothing** .................................................................................................... 8

**Getting More Information** ........................................................................................ 8

## BASIC INFORMATION

| 1. | Why is there a notice? |
|---|---|

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Claire R. Kelly, of the United States Court of International Trade sitting by designation in the United States District Court for the Middle District of Florida, is overseeing this case captioned as *In Re: LoanCare Data Security Breach Litigation*, No. 3:23-cv-1508-CRK-MCR (M.D. Fla.). The people who brought the lawsuit are called the Plaintiffs. The Plaintiffs are Kevin Curry, Gregory Arrowsmith, Namuun Bat, Richard Freire, Andrew Gharibian, Christopher Human, Cody Kettlewood, April Manar, Eisin Jahwer Martinez, Douglas Newell, and Jose Peralta . The entities being sued, LoanCare, LLC and Fidelity National Financial, Inc., are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

Pursuant to Fed. R. Civ. P. 23(c)(2)(B)(iv), the lawsuit claims that Defendants were responsible for the Cybersecurity Incident and asserts claims such as negligence, breach of implied contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and declaratory judgment and injunctive relief.

Defendants deny these claims, including denying that they did anything wrong and denying that the Cybersecurity Incident caused any harm to any LoanCare customers whose personal data may have been accessed or acquired in the Cybersecurity Incident. No court or other judicial entity has made any judgment, finding, or other determination that Defendants have any liability for these claims or did anything wrong.

| 3. | Why is this lawsuit a class action? |
|---|---|

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who opt-out of the settlement.

| 4. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members"). The Class Representatives appointed to represent the Settlement Class and the attorneys for the Settlement Class ("Class Counsel," see Question 18) think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

**5.    How do I know if I am part of the Settlement?**

You are affected by the Settlement and potentially a Settlement Class Member if you reside in the United States and received notice from the Defendants that your Personal Information may have been compromised in the Cybersecurity Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are (1) all persons who are employees, directors, officers, and agents of LoanCare and FNF; (2) governmental entities; (3) the Judges assigned to the Action, the Judges' immediate family, and Court staff; and (4) Settlement Class Members who submit a valid request to opt-out of the Settlement.

**6.    What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions.  You may also write with questions to:

Settlement Administrator
address
address
www.-----------------.com

## THE SETTLEMENT CLASS BENEFITS – WHAT YOU GET IF YOU QUALIFY

**7.    What does the Settlement provide?**

The Settlement provides that Defendants will pay $5,900,000.00 for the following: (a) Cash Payment A which compensates Settlement Class Members up to $1,500.00 for unreimbursed ordinary losses and/or up to $5,000.00 for unreimbursed extraordinary losses; (b) Cash Payment B which compensates Settlement Class Members with a flat $100.00 cash payment that may be *pro rata* increased or decreased based on the number of claims submitted; (c) up to three years of Identity Monitoring at Defendant's expense; (d) all Settlement Administration Costs; and (e) any attorneys' fees and costs awarded by the Court to Class Counsel.

The Cash Payments will be dispersed after the distribution of attorneys' fees (which include Class Counsel's costs), Settlement Administration Costs, and the cost of Identity Monitoring. For purposes of calculating the amount of the increase or decrease to the Cash Payments, the Settlement Administrator must distribute the funds in the Settlement Fund first for payment of Identity Monitoring and then for Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis. In the unexpected event the value of the Identity Monitoring on its own exhausts the amount of the Settlement Fund, the length of the Identity Monitoring provided will be reduced as necessary to bring the cost within the Settlement Fund. Payment of (1) attorneys' fees, costs, and expenses (see Question 19) and (2) the costs of notifying the Settlement Class and administering the Settlement will also be paid out of the Settlement Fund.

**8.    What payments are available for reimbursement under the Settlement?**

Settlement Class Members who submit a valid Claim are eligible to receive one of the following:

<u>Cash Payment A:</u>

a)  Reimbursement of actual, documented, unreimbursed ordinary losses resulting from the Cybersecurity Incident (up to $1,500.00 in total), such as the following incurred on or after November 19, 2023:

- any costs incurred from credit monitoring services or ordering copies of your credit report;
- late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, and/or card cancellation or replacement fees;
- late fees from transactions with third parties that were delayed due to fraud or card replacement;
- unauthorized charges on credit, debit, or other payment cards that were not reimbursed;
- parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- costs incurred obtaining credit freezes;
- long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used);
- postage or gasoline for local travel; and,
- other expenses that are reasonably attributable to the Cybersecurity Incident that were not reimbursed.

AND/OR

b)  Reimbursement for extraordinary losses resulting from the Cybersecurity Incident (up to $5000.00 in total), such as the following incurred on or after November 19, 2023:
- any costs incurred from actual, documented and unreimbursed monetary loss due to fraud or identity theft not already covered by one or more of the ordinary loss categories that the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for, including but not limited to exhaustion of all available credit monitoring assistance and identity theft insurance.

<u>Cash Payment B:</u>

a)    A Cash Payment of $100.00.

All Cash Payments may be adjusted upward or downward *pro rata* based on the value of all Valid Claims.

**HOW DO YOU SUBMIT A CLAIM?**

**9.    How do I get a benefit?**

To receive a Settlement Class Member Benefit under the Settlement, you must complete and submit a Claim for that benefit ("Claim"). Every Claim must be made on a form ("Claim Form") available at **www.--------------.com** or by calling 1-###-###-####. Claim Forms will also be sent to Settlement Class Members as part of the Postcard Notice and tear-off claim form that will be mailed to

Settlement Class Members, as well as by email for Settlement Class Members for which email addresses are provided. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

Pursuant to Fed. R. Civ. P. 23(c)(2)(B)(iii), a class member may enter an appearance through an attorney if the member so desires.

| 10.   How will claims be decided? |
| --- |

The Settlement Administrator, Angeion Group, Inc., will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner, then the Claim will be considered invalid and will not be paid.

| 11.   When will I get my payment? |
| --- |

The Court will hold a Final Approval Hearing on _____, 2025 at _____.m. EST to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed.  Please be patient.

## WHAT DO DEFENDANTS GET?

| 12.   What am I giving up as part of the Settlement? |
| --- |

The Defendants get a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not opt-out of the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendants and other persons ("Released Parties") as to all claims ("Released Claims") arising out of or relating to the Cybersecurity Incident. This release is described in the Settlement Agreement, which is available at **www--------.com.** If you have any questions, you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## OPTING-OUT OF THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to opt-out of the Settlement Class.  This is sometimes referred to as "opting-out" of the Settlement Class.

| 13.   If I exclude myself, can I get a payment from this Settlement? |
| --- |

No. If you opt-out, you will not be entitled to receive any benefits from the Settlement,  but you will not be bound by any judgment in this case.

| 14.   If I do not exclude myself, can I sue Defendant for the same thing later? |
| --- |

No. Unless you opt-out, you give up any right to sue Defendants (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, do not submit a Claim Form to ask for any benefit under the Settlement.

| 15.   How do I Opt-Out of the Settlement? |
| --- |

To opt-out, send a letter that says you want to be excluded or opt-out from the Settlement in *In Re: LoanCare Data Security Breach Litigation*, No. 3:23-cv-1508-CRK-MCR (M.D. Fla.). The letter

must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your opt-out request postmarked by _____, 2025, to:

LoanCare Settlement Administrator<br>
Attn: Exclusion Request<br>
address<br>
address

### OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not like the Settlement?**

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, timely written notice of an objection in the appropriate form must be filed with or submitted to the Clerk of the Court on or before the Objection Deadline: **[Month, Date], 2025.** The address for the Clerk of Court is U.S. District Court Clerk's Office, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202.

Your objection must be written and must include all of the following: (1) the objector's full name, address, email address (if any), and telephone number; (2) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (3) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling on the objector's prior objections that were issued by the trial and appellate courts in each listed case; (4) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Approval of Attorneys' Fees and Costs; (5) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (6) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (7) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (9) the objector's signature (an attorney's signature is not sufficient).

| Clerk of Court | Class Counsel |
|---|---|
| U.S. District Court Clerk's Office, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202 | Mariya Weekes<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>201 Sevilla Avenue, 2nd Floor<br>Coral Gables, FL 33134<br>Mweekes@milberg.com |

| | Bryan L. Bleichner<br>CHESTNUT CAMBRONNE PA<br>100 Washington Avenue South, Suite 1700<br>Minneapolis, MN 55401<br>Tel: (612) 339-7300<br>bbleichner@chestnutcambronne.com |
|---|---|
| **Defendant's Counsel** | **Settlement Administrator** |
| Ian M. Ross<br>**Sidley Austin LLP**<br>1001 Brickell Bay, Ste. 900<br>Miami, FL 33131<br>Tel: (40 | \<\<Mailing Caption\>\><br>c/o Angeion Group |

## 17. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Opting-out is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any of the Settlement Class Member Benefits. If you opt-out, then you have no basis to object because you are no longer a member of the Settlement Class and the Settlement no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

## 18. Do I have a lawyer in this case?

Yes. The Court appointed Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and Bryan Bleichner of Chestnut Cambronne PA as Class Counsel to represent the Class. Ms. Weekes may be contacted at 201 Sevilla Avenue, Suite 200, Coral Gables, FL 33134; Email: mweekes@milberg.com; Mr. Bleichner may be contacted at 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401; Email: bbleichner@chestnutcambronne.com.

If you want to be represented by your own lawyer, then you may hire one at your own expense.

## 19. How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to 33.33% of the Settlement Fund ($1,966,470.66), inclusive of costs. This payment for any attorneys' fees and costs to Class Counsel will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement, and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Any award for attorneys' fees and costs for Class Counsel must be approved by the Court. The Court may award less than the amount requested. Class Counsel's Motion for Final Approval of the Settlement will be filed no later than _____, 2025. Class Counsel filed their Application for Attorneys' Fees on February 13, 2025 and the filing is available on the Settlement Website. The

Motion for Final Approval will also be posted on the Settlement Website.

## THE COURT'S FINAL APPROVAL HEARING

**20.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____ m. ET on _____, 2025, at the Bryan Simpson United States Federal Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees, reasonable costs and expenses, and any service awards. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking **www.----------------.com** or calling 1-###-###-####.

**21.   Do I have to attend the hearing?**

No. Class Counsel will present the Settlement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

**22.   May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **filed** with or submitted to the Clerk of the Court no later than _____, 2025. See Question 16 for further details on the requirements for submitting an objection to the Settlement.

## IF YOU DO NOTHING

**23.   What happens if I do nothing?**

If you do nothing, you will not get a Cash Payment or Identity Monitoring from this Settlement. If the Settlement is granted Final Approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Parties  based on any of the Released Claims related to the Cybersecurity Incident ever again.

## GETTING MORE INFORMATION

**24.   How do I get more information?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.------------------.com.**   You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-###-###-####.

This notice is approved by the United States District Court for the Middle District of Florida. **DO NOT CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

# Exhibit D.1

# Claim Form (Redline)

**CLAIM FORM**

*In* Re*: LoanCare Data Security Breach Litigation*
**Case No. 3:23-cv-1508-CRK-MCR**
**United States District Court, Middle District of Florida**
**SUBMIT BY** ---------------------------, 2025
ONLINE AT WWW.---------------.COM
OR MAIL TO:
Angeion Group
ADDRESS

**GENERAL CLAIM FORM INFORMATION**

This Claim Form must be completed and submitted online at the Settlement Website or submitted by mail if you received a notice of Cybersecurity Incident letter stating your personal information was potentially compromised in the LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") (collectively "Defendants") Cybersecurity Incident that occurred on FNF's computer network on or about November 19, 2023 ("Settlement Class").

If you wish to submit a Claim by mail, please provide the information requested below. Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by **no later than Month Day, 2025**.

**Monetary Compensation**

Under this Settlement, as a Settlement Class Member you are entitled to receive a Cash Payment and Identity Monitoring. To receive a Cash Payment, you may submit a Claim for either Cash Payment A or Cash Payment B. Please select Cash Payment A if you wish to make a Claim for either Ordinary Losses of up to $1,500 or Extraordinary Losses of up to $5,000, or Cash Payment B if you wish to receive a Flat Cash Payment in the amount of $100.

**Cash Payment A (select either Ordinary Losses or Extraordinary Losses below or Cash Payment B)**:

_____ **I elect to receive a Cash Payment for Ordinary Losses.**

**or**

_____ **I elect to receive a Cash Payment for Extraordinary Losses.**

**Ordinary Losses:** I am submitting a Claim for ordinary monetary losses in the amount of $_____ (**maximum of $1,500**) on account of out-of-pocket losses I incurred as a result of the Cybersecurity Incident. I understand I am required to provide supporting third-party documentation and to support my Claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. This can include receipts or other documentation

1

that I have not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the settlement administrator may contact me for additional information before processing my claim. If I do not have information supporting my claim for ordinary expenses, I likely will not receive compensation for this settlement benefit.

**Extraordinary Losses:** I am submitting a Claim for extraordinary monetary losses in the amount of $_____ (**maximum of $5,000**) on account of out-of-pocket losses I incurred as a result of the Cybersecurity Incident. I understand I am required to provide supporting third-party documentation and to support my Claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. This can include receipts or other documentation that I have not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the settlement administrator may contact me for additional information before processing my claim. If I do not have information supporting my claim for extraordinary expenses, I likely will not receive compensation for this settlement benefit.

Description of the unreimbursed, out-of-pocket loss or expenses incurred, and the documents attached to support this claim:

_____

_____

_____

_____

_____

_____

**Cash Payment B**: Instead of electing to receive Cash Payment A (ordinary losses and/or extraordinary losses), I elect to receive a $100 flat cash payment under the Settlement: **(circle one)**

**Yes**          **No**

** The Parties estimate that Cash Payments will be in the amounts claimed under Cash Payment A **or** the $100 under Cash Payment B; however, the amount of the Cash Payments

2

may be increased or decreased *pro rata* based on the total amount of Valid Claims submitted by Settlement Class Members.

**Identity Monitoring**

In addition to Cash Payment A or Cash Payment B, you may also submit a claim for three years of Identity Monitoring. This service includes: (i) real time monitoring of the credit file at a single bureau; (ii) dark web scanning with notification if evidence of the individual's Personal Information is found; (iii) identity fraud loss insurance (no deductible) up to $1 million; (iv) access to fraud specialists to help investigate instances of identity theft; and (v) identity theft restoration services. If you are submitting a valid claim, please select one of the below two options:

**Would you like to receive free Identity Monitoring**? **(circle one)**

**Yes          No**

Note that you will receive one year of Identity Monitoring if you previously elected to receive 24 months of identity monitoring services previously offered by LoanCare in connection with its initial Cybersecurity Incident notification letter.

Please sign below indicating you are submitting a Claim for a Cash Payment and/or Identity Monitoring and that all of your representations are true and correct to the best of your knowledge and belief and are being made under penalty of perjury.

Signature_____          Date_____

**Claimant Information**

_____
Full Name of Settlement Class Member

_____
Unique Identifier
*(Can be found on the Postcard Notice or Email Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator.)*

_____
Street/P.O. Box                    City            State          Zip Code

_____
Telephone Number

3

_____

Email Address

_____

Signature

4

# Exhibit D.2

# Claim Form (Clean)

<u>**CLAIM FORM**</u>

*In Re: LoanCare Data Security Breach Litigation*
**Case No. 3:23-cv-1508-CRK-MCR**
**United States District Court, Middle District of Florida**
**SUBMIT BY** --------------------------, **2025**
ONLINE AT WWW.------------------.COM
OR MAIL TO:
Angeion Group
ADDRESS

<u>**GENERAL CLAIM FORM INFORMATION**</u>

This Claim Form must be completed and submitted online at the Settlement Website or submitted by mail if you received a notice of Cybersecurity Incident letter stating your personal information was potentially compromised in the LoanCare, LLC ("LoanCare") and Fidelity National Financial, Inc. ("FNF") (collectively "Defendants") Cybersecurity Incident that occurred on FNF's computer network on or about November 19, 2023 ("Settlement Class").

If you wish to submit a Claim by mail, please provide the information requested below. Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by **no later than Month Day, 2025.**

<u>**Monetary Compensation**</u>

Under this Settlement, as a Settlement Class Member you are entitled to receive a Cash Payment and Identity Monitoring. To receive a Cash Payment, you may submit a Claim for either Cash Payment A or Cash Payment B. Please select Cash Payment A if you wish to make a Claim for either Ordinary Losses of up to $1,500 or Extraordinary Losses of up to $5,000, or Cash Payment B if you wish to receive a Flat Cash Payment in the amount of $100.

**Cash Payment A (select either Ordinary Losses or Extraordinary Losses below or Cash Payment B):**

_____ **I elect to receive a Cash Payment for Ordinary Losses.**

**or**

_____ **I elect to receive a Cash Payment for Extraordinary Losses.**

**Ordinary Losses:** I am submitting a Claim for ordinary monetary losses in the amount of $_____ (**maximum of $1,500**) on account of out-of-pocket losses I incurred as a result of the Cybersecurity Incident. I understand I am required to provide supporting third-party documentation and to support my Claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. This can include receipts or other documentation

1

that I have not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the settlement administrator may contact me for additional information before processing my claim. If I do not have information supporting my claim for ordinary expenses, I likely will not receive compensation for this settlement benefit.

**Extraordinary Losses:** I am submitting a Claim for extraordinary monetary losses in the amount of $\$_____$ (**maximum of \$5,000**) on account of out-of-pocket losses I incurred as a result of the Cybersecurity Incident. I understand I am required to provide supporting third-party documentation and to support my Claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. This can include receipts or other documentation that I have not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the settlement administrator may contact me for additional information before processing my claim. If I do not have information supporting my claim for extraordinary expenses, I likely will not receive compensation for this settlement benefit.

Description of the unreimbursed, out-of-pocket loss or expenses incurred, and the documents attached to support this claim:

_____

_____

_____

_____

_____

_____

_____

**Cash Payment B**: Instead of electing to receive Cash Payment A (ordinary losses and/or extraordinary losses), I elect to receive a \$100 flat cash payment under the Settlement: **(circle one)**

**Yes**          **No**

\*\* The Parties estimate that Cash Payments will be in the amounts claimed under Cash Payment A **or** the \$100 under Cash Payment B; however, the amount of the Cash Payments

2

may be increased or decreased *pro rata* based on the total amount of Valid Claims submitted by Settlement Class Members.

## **Identity Monitoring**

In addition to Cash Payment A or Cash Payment B, you may also submit a claim for three years of Identity Monitoring. This service includes: (i) real time monitoring of the credit file at a single bureau; (ii) dark web scanning with notification if evidence of the individual's Personal Information is found; (iii) identity fraud loss insurance (no deductible) up to $1 million; (iv) access to fraud specialists to help investigate instances of identity theft; and (v) identity theft restoration services. If you are submitting a valid claim, please select one of the below two options:

**Would you like to receive free Identity Monitoring? (circle one)**

**Yes            No**

Note that you will receive one year of Identity Monitoring if you previously elected to receive 24 months of identity monitoring services previously offered by LoanCare in connection with its initial Cybersecurity Incident notification letter.

Please sign below indicating you are submitting a Claim for a Cash Payment and/or Identity Monitoring and that all of your representations are true and correct to the best of your knowledge and belief and are being made under penalty of perjury.

Signature_____          Date_____

## **Claimant Information**

_____
Full Name of Settlement Class Member

_____
Unique Identifier
*(Can be found on the Postcard Notice or Email Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator.)*

_____
Street/P.O. Box                    City            State          Zip Code

_____
Telephone Number

3

_____
Email Address

_____
Signature

# Exhibit E.1

# Proposed Order Granting Second

# Amended Motion for

# Preliminary Approval (Redline)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO. 3:23-cv-1508-CRK-MCR**

IN RE: LOANCARE DATA
SECURITY BREACH LITIGATION
_____/

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, this Action is a putative class action before this Court;

WHEREAS, Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Fidelity National Financial ("FNF") and Loancare, LLC ("Loancare") (together, "Defendants"), have entered into the Settlement Agreement, which is subject to review and approval by the Court under Federal Rule of Civil Procedure 23, and which, among other things and together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against Defendants (the "Settlement") should the Court grant Final Approval of the Settlement;

WHEREAS, Plaintiffs filed an unopposed motion requesting entry of an order to: (1) conditionally certify the Settlement Class; (2) appoint Plaintiffs as Class Representatives; (3) appoint counsel listed in paragraph 7 of the Settlement as Class

_____

[1] The capitalized terms used herein have the same meanings as those defined in Section II of the Settlement Agreement attached to the Motion for Preliminary Approval as *Exhibit A* and the Superseding Amendment to the Settlement Agreement attached to the Motion for Preliminary Approval as *Exhibit B*.

Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program and Notices and direct that Notice be sent to the Settlement Class members; (6) approve the Claim Form and Claims process; (7) order the Settlement's opt-out and objection procedures; (8) appoint the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

WHEREAS, the Court having reviewed Plaintiffs' Unopposed Second Amended Motion for Preliminary Approval of Class Action Settlement along with the Settlement and its exhibits and finding that substantial and efficient grounds exist for entering this order granting the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement Class Certification:** Pursuant to Federal Rules of Civil Procedure Rules 23(a) and 23(b)(3), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> All persons residing in the United States who received written notice from Defendants that their Personal Information may have been compromised in the Cybersecurity Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors,

officers, and agents of LoanCare and FNF; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff

**Commented [CDJ2]:** In one of the notices we referred to judge as plural, accounting for Judge Kelly's staff. Should this be changed here and in the motion?

**Formatted:** Font: Calisto MT, 13 pt

2. **Settlement Fund:** The Settlement provides for a non-reversionary $5,900,000.00 common cash Settlement Fund for the benefit of the Settlement Class that Defendants are obligated to pay under the Settlement. The Settlement Fund will be used to pay all Settlement Class Member Benefits; all Settlement Administration Costs; and any Court-approved attorneys' fees and costs to Class Counsel. Within 10 days following Preliminary Approval, Defendants shall pay into the Escrow Account $350,000 to fund the Settlement Administration Costs. Upon the Effective Date, Defendants shall pay the remaining cash into the Escrow Account necessary o satisfy the Settlement Fund. Aside from its obligation to fund the Settlement Fund, Defendants shall not be responsible for any other payments.

3. Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the class representatives and class counsel have adequately represented the Settlement Class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
(iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

3

4.    **Settlement Class Findings:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and that the Court will likely certify at the Final Approval stage a Settlement Class.

5.    As to Rule 23(a), the Court finds that: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class; (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

6.    As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Class predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class members to individually control the prosecution of separate actions; (ii) the small value of the claims of many of the individual Settlement Class members making the pursuit of individual actions cost prohibitive for most Settlement Class members; and (iii) the similarity of the Settlement Class members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

7.    **Appointment of Class Representatives and Class Counsel:** The Court

4

hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of

settlement only, that Plaintiffs Kevin Curry, Gregory Arrowsmith, Namuun Bat,

Richard Freire, Andrew Gharibian, Cody Kettlewood, Eisin Jahwer Martinez,

Douglas Newell, Christopher Human, April Manar and Jose Peralta are adequate

class representatives and appoints them as Class Representatives for the Settlement

Class.

8.      In appointing class counsel, Federal Rule of Civil Procedure 23(g)

requires the Court to consider (1) the work counsel has done in identifying or

investigating potential claims in the action, (2) counsel's experience in handling class

actions, other complex litigation, and the types of claims asserted in the action, (3)

counsel's knowledge of applicable law, and (4) the resources counsel will commit to

representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any

other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P.

23(g)(1)(B). The Court finds that proposed Class Counsel have expended a reasonable

amount of time, effort, and expense investigating the Cybersecurity Incident. It is clear

from their track record of success, as outlined in their resumes, that Class Counsel are

highly skilled and knowledgeable concerning class action practice. For purposes of the

Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court

appoints the following as Class Counsel to act on behalf of the Settlement Class and

the Class Representatives with respect to the Settlement:

      Mariya Weekes
      MILBERG COLEMAN BRYSON
      PHILLIPS GROSSMAN, PLLC

201 Sevilla Avenue, 2nd Floor
Coral Gables, FL 33134
Tel: (786) 879-8200
mweekes@milberg.com

Bryan L. Bleichner
CHESTNUT CAMBRONNE PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
bbleichner@chestnutcambronne.com

9.    **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, and the Superseding Amendment to the Settlement Agreement, as being fair, reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds the Settlement meets the considerations set forth in Rule 23(e)(2).

10.    **Settlement Administrator:** Class Counsel are authorized to use Angeion Group, Inc. as the Settlement Administrator to supervise and administer the Notice Program, as well as to further administer the Settlement should the Court grant Final Approval.

11.    **Approval of Notice Program and Notices:** The Court approves, as to form and content, the Notice Program, including the Email Notice, Postcard Notice, and Long Form Notice, substantially in the forms attached as Exhibits 1-3 to the Settlement. The Court finds that the Notice Program: (a) is the best notice practicable

6

under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Email Notice, Postcard Notice, and Long Form Notice, respectively, before they are emailed, mailed, or published.

12.    **Claim Form and Claims Process**: The Court approves the Claim Form as set forth in the Settlement, and the Claims process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete allowing each Settlement Class Member to elect their Settlement Class Member Benefits. Should the Court grant Final Approval to the Settlement, Settlement Class Members shall be bound by its terms even if they though do not submit Claims.

13.    **Dissemination of Notice and Claim Forms:** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the

Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

14.    **Opt-Outs from the Settlement Class:** The Notice shall provide that any member of the Settlement Class who wishes to opt-out of the Settlement must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Opt-Out Period). The opt-out request must be personally signed by the Settlement Class member and contain the name, postal address, email address (if any), telephone number, a brief statement identifying membership in the Settlement Class, and a statement that indicates a desire to be excluded from the Settlement Class. The letter can simply say, "I hereby elect to opt out of the Settlement in *In Re: LoanCare Data Security Breach Litigation* class action." If submitted by mail, an opt-out request shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an opt-out request shall be deemed to have been submitted on the shipping date reflected on the shipping label.

15.    Any Settlement Class member who timely and validly opts-out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c)

8

not be bound by the terms of the Settlement; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Settlement.

16.     **Objections to the Settlement:** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Class may object to the Settlement and/or the Application for Attorneys' Fees. Objections must be filed with the Clerk of the Court and/or mailed to the Settlement Administrator and/or Class Counsel and/or Defense Counsel. For an objection to be considered by the Court, the objection must be submitted on behalf of a Settlement Class Member no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Objection Period). When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

17.     For an objection to be considered by the Court, the objection must also set forth:

        a.     the objector's full name, address, email address (if any), and telephone number;

        b.     all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

        c.     the number of times the objector has objected to a class action

9

settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling on the objector's prior objections that were issued by the trial and appellate courts in each listed case;

      d.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Approval of Attorneys' Fees;

      e.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

      f.    the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

      g.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

      h.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

10

**Deleted:** and Costs

**Deleted:** <#>any and all agreements that relate to the objection or the process of objecting whether written or oral between objector and objector's counsel and any other person or entity. ¶

      i.     the objector's signature (an attorney's signature is not sufficient).

18.    Class Counsel and/or Defendants' counsel may conduct limited discovery on any objector into (1) history of previous objections; (2) standing to object to the settlement; and (3) financial agreements between the objector and their counsel consistent with the Federal Rules of Civil Procedure, and respond in writing to the objections prior to the Final Approval Hearing.

19.    Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees and, if Final Judgment is entered, shall forever be barred and foreclosed from raising such objections in this or any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof.

20.    **Motion for Final Approval and Application for Attorneys' Fees:** Class Counsel intends to seek an award of up to 33.33% of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees.

21.    Class Counsel shall file their Motion for Final Approval no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees. In the Court's discretion, the Court also will hear argument at the Final Approval

11

| Deleted: and Costs |
| Formatted: Font: Calisto MT, 13 pt |
| Deleted:  and Costs |
| Deleted:  and Costs |
| Deleted: and Application for Attorneys' Fees, and Costs |
| Deleted:  and costs |

Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the Application for Attorneys' Fees, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Settlement and in this order.

**Deleted:** and Costs

22.    **Termination:** If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and Defendants, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

23.    **Stay:** All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order.

24.    Upon the entry of this order, with the exception of Class Counsel, Defendants' Counsel, Defendants, and the Class Representatives implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against the Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

25.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement

12

preliminarily approved herein and the related orders of this Court.

26.     **Final Approval Hearing:** The Court will hold a Final Approval Hearing on _____, **2025, at ____:_____ am/pm.** The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of Final Judgment should be entered dismissing the Action on the merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees to Class Counsel should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

**Deleted:** and costs

27.     **Schedule:** The Court hereby sets the following schedule of events:

| Event | Date |
|---|---|
| **Notice Program Begins** | No later than 20 days after Preliminary Approval |
| **Notice Program Complete** | 45 days following Preliminary Approval |

**Formatted:** Font: Calisto MT, 13 pt

**Formatted:** Font: Calisto MT, 13 pt

13

| | |
|---|---|
| **Deadline to File Motion for Final Approval,** | 45 days before the initial scheduled Final Approval Heainrg |
| **Opt-Out Deadline** | 30 days before the initial scheduled Final Approval Hearing |
| **Objection Deadline** | 30 days before the initial scheduled Final Approval Hearing |
| **Deadline to Submit Claim Forms** | 30 days following the initial scheduled Final Approval Hearing |
| **Final Approval Hearing** | **_____, 2025, at ___:___am/pm at _____ am/pm** |

SO ORDERED this _____ day of _____, 2025.

_____
HONORABLE CLAIRE E. KELLY
UNITED STATES DISTRICT JUDGE

14

# Exhibit E.2
# Proposed Order Granting Second Amended Motion for Preliminary Approval (Clean)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO. 3:23-cv-1508-CRK-MCR**

IN RE: LOANCARE DATA
SECURITY BREACH LITIGATION

_____/

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**

WHEREAS, this Action[1] is a putative class action before this Court;

WHEREAS, Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Fidelity National Financial ("FNF") and Loancare, LLC ("Loancare") (together, "Defendants"), have entered into the Settlement Agreement, which is subject to review and approval by the Court under Federal Rule of Civil Procedure 23, and which, among other things and together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against Defendants (the "Settlement") should the Court grant Final Approval of the Settlement;

WHEREAS, Plaintiffs filed an unopposed motion requesting entry of an order to: (1) conditionally certify the Settlement Class; (2) appoint Plaintiffs as Class Representatives; (3) appoint counsel listed in paragraph 7 of the Settlement as Class

---

[1] The capitalized terms used herein have the same meanings as those defined in Section II of the Settlement Agreement attached to the Motion for Preliminary Approval as *Exhibit A* and the Superseding Amendment to the Settlement Agreement attached to the Second Amended Motion for Preliminary Approval as *Exhibit B*.

Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program and Notices and direct that Notice be sent to the Settlement Class members; (6) approve the Claim Form and Claims process; (7) order the Settlement's opt-out and objection procedures; (8) appoint the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

WHEREAS, the Court having reviewed Plaintiffs' Unopposed Second Amended Motion for Preliminary Approval of Class Action Settlement along with the Settlement and its exhibits and finding that substantial and efficient grounds exist for entering this order granting the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Settlement Class Certification:** Pursuant to Federal Rules of Civil Procedure Rules 23(a) and 23(b)(3), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> All persons residing in the United States who received written notice from Defendants that their Personal Information may have been compromised in the Cybersecurity Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors,

officers, and agents of LoanCare and FNF; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff

2.    **Settlement Fund:** The Settlement provides for a non-reversionary $5,900,000.00 common cash Settlement Fund for the benefit of the Settlement Class that Defendants are obligated to pay under the Settlement. The Settlement Fund will be used to pay all Settlement Class Member Benefits; all Settlement Administration Costs; and any Court-approved attorneys' fees and costs to Class Counsel. Within 10 days following Preliminary Approval, Defendants shall pay into the Escrow Account $350,000 to fund the Settlement Administration Costs. Upon the Effective Date, Defendants shall pay the remaining cash into the Escrow Account necessary o satisfy the Settlement Fund. Aside from its obligation to fund the Settlement Fund, Defendants shall not be responsible for any other payments.

3.    Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the class representatives and class counsel have adequately represented the Settlement Class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
  (i) the costs, risks, and delay of trial and appeal;
  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
  (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4.      **Settlement Class Findings:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and that the Court will likely certify at the Final Approval stage a Settlement Class.

5.      As to Rule 23(a), the Court finds that: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class; (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

6.      As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Class predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class members to individually control the prosecution of separate actions; (ii) the small value of the claims of many of the individual Settlement Class members making the pursuit of individual actions cost prohibitive for most Settlement Class members; and (iii) the similarity of the Settlement Class members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

7.      **Appointment of Class Representatives and Class Counsel:** The Court

hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of settlement only, that Plaintiffs Kevin Curry, Gregory Arrowsmith, Namuun Bat, Richard Freire, Andrew Gharibian, Cody Kettlewood, Eisin Jahwer Martinez, Douglas Newell, Christopher Human, April Manar and Jose Peralta are adequate class representatives and appoints them as Class Representatives for the Settlement Class.

8.    In appointing class counsel, Federal Rule of Civil Procedure 23(g) requires the Court to consider (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel have expended a reasonable amount of time, effort, and expense investigating the Cybersecurity Incident. It is clear from their track record of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representatives with respect to the Settlement:

Mariya Weekes
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC

201 Sevilla Avenue, 2nd Floor
Coral Gables, FL 33134
Tel: (786) 879-8200
mweekes@milberg.com

Bryan L. Bleichner
CHESTNUT CAMBRONNE PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
bbleichner@chestnutcambronne.com

9.    **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, and the Superseding Amendment to the Settlement Agreement, as being fair, reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds the Settlement meets the considerations set forth in Rule 23(e)(2).

10.    **Settlement Administrator:** Class Counsel are authorized to use Angeion Group, Inc. as the Settlement Administrator to supervise and administer the Notice Program, as well as to further administer the Settlement should the Court grant Final Approval.

11.    **Approval of Notice Program and Notices:** The Court approves, as to form and content, the Notice Program, including the Email Notice, Postcard Notice, and Long Form Notice, substantially in the forms attached as Exhibits 1-3 to the Settlement. The Court finds that the Notice Program: (a) is the best notice practicable

under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Email Notice, Postcard Notice, and Long Form Notice, respectively, before they are emailed, mailed, or published.

12.    **Claim Form and Claims Process**: The Court approves the Claim Form as set forth in the Settlement, and the Claims process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete allowing each Settlement Class Member to elect their Settlement Class Member Benefits. Should the Court grant Final Approval to the Settlement, Settlement Class Members shall be bound by its terms even if they though do not submit Claims.

13.    **Dissemination of Notice and Claim Forms:** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the

Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

14.    **Opt-Outs from the Settlement Class:** The Notice shall provide that any member of the Settlement Class who wishes to opt-out of the Settlement must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Opt-Out Period). The opt-out request must be personally signed by the Settlement Class member and contain the name, postal address, email address (if any), telephone number, a brief statement identifying membership in the Settlement Class, and a statement that indicates a desire to be excluded from the Settlement Class. The letter can simply say, "I hereby elect to opt out of the Settlement in *In Re: LoanCare Data Security Breach Litigation* class action." If submitted by mail, an opt-out request shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an opt-out request shall be deemed to have been submitted on the shipping date reflected on the shipping label.

15.    Any Settlement Class member who timely and validly opts-out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c)

not be bound by the terms of the Settlement; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Settlement.

16.    **Objections to the Settlement:** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Class may object to the Settlement and/or the Application for Attorneys' Fees. Objections must be filed with the Clerk of the Court and/or mailed to the Settlement Administrator and/or Class Counsel and/or Defense Counsel. For an objection to be considered by the Court, the objection must be submitted on behalf of a Settlement Class Member no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Objection Period). When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

17.    For an objection to be considered by the Court, the objection must also set forth:

a.    the objector's full name, address, email address (if any), and telephone number;

b.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.    the number of times the objector has objected to a class action

9

settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling on the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Approval of Attorneys' Fees;

e.     the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f.     the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

g.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

h.     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i.    the objector's signature (an attorney's signature is not sufficient).

18.    Class Counsel and/or Defendants' counsel may conduct limited discovery on any objector into (1) history of previous objections; (2) standing to object to the settlement; and (3) financial agreements between the objector and their counsel consistent with the Federal Rules of Civil Procedure, and respond in writing to the objections prior to the Final Approval Hearing.

19.    Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees and, if Final Judgment is entered, shall forever be barred and foreclosed from raising such objections in this or any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof.

20.    **Motion for Final Approval and Application for Attorneys' Fees:** Class Counsel intends to seek an award of up to 33.33% of the Settlement Fund as attorneys' fees, which include reasonable litigation costs to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees.

21.    Class Counsel shall file their Motion for Final Approval no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the

11

Settlement or to the Application for Attorneys' Fees, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Settlement and in this order.

22.    **Termination:** If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and Defendants, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

23.    **Stay:** All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order.

24.    Upon the entry of this order, with the exception of Class Counsel, Defendants' Counsel, Defendants, and the Class Representatives implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against the Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

25.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

26.    **Final Approval Hearing:** The Court will hold a Final Approval Hearing

on _____, **2025, at ___:_____ am/pm.** The Final Approval Hearing will be

conducted for the following purposes: (a) to determine whether the proposed

Settlement, on the terms and conditions provided for in the Settlement, is fair,

reasonable, and adequate, and should be approved by the Court; (b) to determine

whether an order of Final Judgment should be entered dismissing the Action on the

merits and with prejudice; (c) to determine whether the proposed plan of allocation

and distribution of the Settlement Fund is fair and reasonable and should be approved;

(d) to determine whether any requested award of attorneys' fees to Class Counsel

should be approved; and (e) to consider any other matters that may properly be

brought before the Court in connection with the Settlement. The Court may elect to

hold the Final Approval Hearing virtually by Zoom or some other application, and if

it does, the instructions on how to attend shall be posted by the Settlement

Administrator on the Settlement Website.

27.    **Schedule:** The Court hereby sets the following schedule of events:

| Event | Date |
|---|---|
| **Notice Program Begins** | No later than 20 days after Preliminary Approval |
| **Notice Program Complete** | 45 days following Preliminary Approval |
| **Deadline to File Motion for** | 45 days before the initial scheduled |

| Final Approval, | Final Approval Heainrg |
|---|---|
| **Opt-Out Deadline** | 30 days before the initial scheduled Final Approval Hearing |
| **Objection Deadline** | 30 days before the initial scheduled Final Approval Hearing |
| **Deadline to Submit Claim Forms** | 30 days following the initial scheduled Final Approval Hearing |
| **Final Approval Hearing** | **_____, 2025, at ___:___am/pm at _____ am/pm** |

SO ORDERED this _____ day of _____, 2025.


_____
HONORABLE CLAIRE E. KELLY
UNITED STATES DISTRICT JUDGE

14