UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:23-cv-1508-CRK-MCR

IN RE: LOANCARE DATA
SECURITY BREACH LITIGATION
_____/

**AMENDED JOINT DECLARATION OF INTERM CO-LEAD CLASS IN SUPPORT OF PLAINTIFFS' UNOPPOSED SECOND AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

We, Bryan Bleichner and Mariya Weekes, declare as follows:

1. We are counsel for Plaintiffs in the above-captioned case. This Declaration supports Plaintiffs' Unoppposed Second Amended Motion for Preliminary Approval of Class Action Settlement.

2. We have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

**BACKGROUND OF LITIGATION**

3. Plaintiff Christine Curry filed this Action against Defendants on December 27, 2023, in the United States District Court for the Middle District of Florida.

4. Subsequently, 11[1] other materially similar cases were filed against

---

[1] *Grigg v. Fidelity Nat'l Financial, Inc., et al.*, Case No. 3:23-cv-01509; *Arrowsmith v. Fidelity Nat'l Financial, Inc.*, Case No. 3:24-cv-00011; *Kettlewood v. Fidelity Nat'l Financial, Inc.*, Case No. 3:24-cv-00012; *Hernandez v. Fidelity Nat'l Financial, Inc.*, Case No. 3:24-cv-00019; *Horan v. Fidelity Nat'l Financial, Inc.*, Case No. 3:24-cv-00021; *Turizo v. Fidelity Nat'l Financial, Inc.*, Case No. 3:24-cv-00028; *Bell v. Fidelity Nat'l Financial, Inc.*, Case No. 3:24-cv-00030; *Gharibian v. Fidelity Nat'l Financial, Inc.*, Case No. 3:24-cv-00115; *Peralta v. Fidelity Nat'l Financial, Inc.*. (transferred to M.D. Florida on March 25, 2023, Case No. 3:24-cv-

Defendants seeking to represent the same putative class (except one individual Related Action) and arise out of the same Cybersecurity Incident.

5. Prior to filing their respective cases, Class Counsel conducted pre-suit discovery to ascertain all publicly available details about the cause, scope, and result of the Data Security Incident, as well as about damages suffered by Plaintiffs and Class Members.

6. Additionally, Class Counsel spent time interviewing Plaintiffs to determine what Private Information Plaintiffs provided to Defendants, what promises Defendants made about data security in order to determine the specific harm suffered by Plaintiffs and Class Members.

7. On April 5, 2024, the Court granted and denied in part Plaintiffs' Joint Motion to Appoint Interim Counsel, thereby appointing Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC and Bryan Bleichner of Chestnut Cambronne PA as Lead Counsel

8. Plaintiffs filed their Amended Consolidated Complaint on March 19, 2024.

9. Defendants filed a Motion to Dismiss on April 16, 2024, which was amended on April 17, 2024 (ECF Nos. 56, 59) and an Amended Motion to Stay Discovery (ECF No. 60) on April 17, 2024.

---

00307); and *Tillis v. Fidelity Nat'l Financial, Inc.* (transferred to M.D. Florida on Mar. 25, 2023, Case No. 3:24-cv-00285); *Manar v. Fidelity National Financial, Inc., et al.*, Case No. 5:24-cv-06024 (transferred to M.D. Florida on May 16, 2024).

10. The Court denied Defendants' Amended Motion to Stay Discovery on May 22, 2024.

11. Following the Court's ruling on the Amended Motion to Stay Discovery, Plaintiffs served discovery on Defendants.

## MEDIATION AND SETTLEMENT

12. Cognizant that continued litigation is lengthy and expensive and that data breach litigation is often difficult and complex, the Parties discussed the prospect of mediation.

13. Before engaging in protracted and costly discovery, the Parties agreed to participate in mediation and informally exchanged discovery on topics related to the Litigation.

14. In anticipation of the mediation, Plaintiffs propounded informal discovery requests on Defendants to which Defendants responded by providing information related to, among other things, the nature and cause of the Cybersecurity Incident, the number and geographic location of individuals that received notice of the Cybersecurity Incident, and the specific type of information potentially impacted in the Cybersecurity Incident.

15. Plaintiffs and Class Counsel reviewed key documents and information, which, in consultation with their data security experts, allowed them to confidently evaluate the strengths and weaknesses of Plaintiffs' claims and prospects for success at class certification, summary judgment, and trial.

16. Moreover, Class Counsel thoroughly investigated and analyzed

Plaintiffs' claims, engaged in discovery, fully briefed a Motion to Dismiss, and consulted with data security experts, enabling them to gain an understanding of the evidence related to central questions in the Action and preparing them for well-informed settlement negotiations.

17. The Parties also exchanged detailed mediation statements outlining their respective positions related to liability, damages, and settlement.

18. The full-day mediation took place in person in Miami, Florida with respected mediator Rodney A. Maxx of Upchurch Watson White & Max on July 25, 2024. At the end of a long and arduous negotiation, the Parties were ultimately able to agree to a settlement in principle in which Defendant would establish a non-reversionary common fund of $5,900,000.00 for Plaintiffs and Class Members.

19. On July 29, 2024, the Parties filed a Notice of Settlement.

20. The mediation concluded with the Parties agreeing to the material settlement terms of the Settlement. Defendants agreed to establish a non-reversionary common fund of $5,900,000.00 for Plaintiffs and Class Members.

21. In subsequent weeks, the Parties continued to negotiate certain terms of the Agreement, including the terms of the Releases, the Settlement Administrator and its respective duties, the Notice Program and Notices, the Claim process and Claim Forms, and proposed schedule of post-settlement events.

22. The Settlement was reached with the assistance of a well-respected and experienced mediator.

23. During this time, the Parties worked diligently to finalize the terms of the

Agreement and ancillary documents.

24. The Parties did not discuss attorneys' fees and costs until after they reached agreement on all material Settlement terms.

### The Settlement is Fair and Reasonable

25. The Settlement was reached in the absence of collusion and is the result of good faith, informed, and arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues at stake.

26. Although Plaintiffs believe the claims asserted in the Action are meritorious and the Settlement Class would ultimately prevail at trial, continued litigation against Defendants poses significant risks that make any recovery for the Settlement Class uncertain.

27. The Settlement's fairness is underscored by consideration of the obstacles that the Settlement Class would face in ultimately succeeding on the merits, as well as the expense and likely duration of the litigation.

28. Despite the risks involved with further litigation, the Settlement provides outstanding benefits, including Cash Payments and Identity Monitoring for all Settlement Class Members.

29. Also, the Claim Form submission process and distribution of Settlement Class Member Benefits is fair, convenient, and effective.

30. Settlement Class Members will promptly receive Cash Payments by electronic means or paper check issued by the Settlement Administrator and Identity

Monitoring, if elected.

31.     The Settlement Administrator (Angeion Group) is highly qualified to manage the entire process.

32.     Although the Parties entered into a Settlement relatively early in litigation, the settlement negotiations were hard-fought, and the Parties expended significant time and energy on this Action.

33.     This case has been thoroughly investigated by counsel experienced in data breach litigation.

34.     Moreover, Class Counsel's informal exchange of discovery and mediation with an experienced mediator has ensured a fair, reasonable, and adequate Settlement.

35.     It is the opinion of Class Counsel, based on the experience detailed below, that the Settlement is a fair and reasonable resolution of Plaintiffs' and Class Members' claims.

**Class Counsel and Plaintiffs are Competent to Serve as Class Representatives**

36.     Class Counsel are leaders in the class action field and have extensive experience prosecuting and resolving complex class actions. Firm resumes for Milberg Coleman Bryson Phillips Grossman, PLLC and Chestnut Cambronne PA are attached as Exhibits 1 and 2.

37.     Class Counsel are experienced in complex class action litigation, including similar data breach actions, and they devoted substantial time and resources to vigorous litigation.

38. Class Counsel have devoted substantial time and resources to prosecuting this Action and will continue to do so.

39. Before commencing litigation, Class Counsel investigated the potential claims against Defendants, interviewed potential plaintiffs, and gathered information regarding the Cybersecurity Incident.

40. Moreover, Plaintiffs seek appointment as Class Representatives. Plaintiffs have cooperated with Class Counsel and assisted in the preparation of the complaints, reviewing filings, providing documentation and information to counsel and in settlement of the Action. Plaintiffs are committed to continuing to assist Class Counsel through Final Approval.

41. Plaintiffs' respective interests are coextensive and do not conflict with the interests of the Settlement Class.

42. Plaintiffs have the same interest in the Settlement relief, and the absent Settlement Class members have no diverging interests.

## Attorneys' Fees and Costs

43. Pursuant to the terms of the Settlement Agreement, Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of costs.

44. The attorneys' fees and costs were sought formally in Plaintiffs' Application for Attorneys' Fees filed on February 13, 2025. *See* ECF 121.

45. Per the Court's request at the January 6, 2025, hearing, Class Counsel noted in Plaintiffs' Unopposed Second Amended Motion for Preliminary Approval of

Class Action Settlement, that lodestar incurred as of that date was $805,580.51. This represented over 1,085 hours expended by Plaintiffs' Counsel in litigating this Action as of January 17, 2025. Class Counsel has provided an updated lodestar and more fulsome explanation of their attorneys' fee request in their Application for Attorney's filed on February 13, 2025.

46. Class Counsel anticipate incurring significantly more lodestar in executing the Notice Program, answering class member questions, moving for Final Approval of class action settlement, addressing any issues on appeal, if necessary, and distributing the Settlement Fund to Settlement Class Members.

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed this  6th th day of February, 2025.

                                                /s/ Mariya Weekes
                                                Mariya Weekes (FL Bar # 56299)
                                                **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

                                                /s/ Bryan L. Bleichner
                                                Bryan L. Bleichner
                                                **CHESTNUT CAMBRONNE PA**