# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: LOANCARE DATA SECURITY BREACH LITIGATION | 3:23-cv-01508-CRK-MCR |

## JUDGMENT

In connection with the final order in the above-captioned case, and for the reasons set forth in that order Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law is granted. Further, Plaintiffs' Unopposed Renewed Application for Attorneys' Fees and Costs is granted, in part, to the extent set forth in the final order.

Therefore, it is **ORDERED**

1. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law, see ECF No. 136, is **GRANTED**. The Court finally approves the terms of the SA and Super Am. as a fair, reasonable, and adequate resolution of the dispute between the parties.

2. The Court, having found that Plaintiffs have met the prerequisites to class certification set forth in Rule 23, Federal Rules of Civil Procedure, finally certifies, for purposes of settlement only, the Settlement Class. The Settlement Class defined as follows:

**JUDGMENT - 1**

3:23-cv-01508-CRK-MCR

"Settlement Class" means all persons residing in the United States who received written notice from Defendants that their Personal Information may have been compromised in the Cybersecurity Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of LoanCare and FNF; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

3. The following individuals are excluded from the Settlement Class:

(a) all persons who are employees, directors, officers, and agents of LoanCare and FNF; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

4. The Court finds that the form, content and method of dissemination of the notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice Program provided sufficient notice of the proposed settlement, the terms and conditions set forth in the SA and Super Am., and these proceedings to the Settlement Class, and fully satisfied the requirements of Rule 23 and due process.

5. The Court excludes from the Settlement Class 44 people. Specifically, Devorah Chatman, Isaac Hernandez Diaz, Sandra Levesque, Gregory Haase, Naomi Buenrostro, Devin Thomas, Larnel Black, Yvette Black, Jennifer Weaver, Zachary Weaver, Jonathan Van Sice, Kristeen Van Sice, Brenda Robinson, Eyal Jakob, Betty Huff, Karl Smith Jr., Floyd Case, Cheryl Case, Byung Yoo, Lenell Knox, Brenda Knox, Brian Christman, Minnie Lewis, Michael Baker, Charlotte Baker, Walter

JUDGMENT - 2

3:23-cv-01508-CRK-MCR

Bukowski, Marsha Bukowski, Brenda Sue Basile, Sachin Mansing Rane, Lisa Corcoran, Cecilia Fernandez, Allen Stevens III, Anthony Huber, Benjamin Ward, Cody Barton, Sachin Rane, Robert Lee Karpesky, Nicholas Funk, Karina Solis, Joshua Dryden, and Sydney Music, who submitted timely and valid requests for exclusion from the Settlement Class, and Jonacee Penick, Kyle Snyker, and Scott Loberg, who submitted late requests for exclusion but Defendants consent to allow these individuals to opt out anyway. These individuals shall not receive any benefits of the terms of the SA or Super Am., and they are not bound by the terms of the release or this Final Judgment.

6. Plaintiffs' Unopposed Renewed Application for Attorneys' Fees and Costs, see ECF No. 137, is **GRANTED**, **in part** to the extent set forth in the final order, and otherwise **DENIED**. The Court awards Class Counsel 22% of the total Settlement Fund, or $1,298,000, as attorneys' fees directs the distribution of $1,298,000, to Class Counsel in accordance with the terms of the SA and Super Am.

7. The parties are directed to implement and consummate the SA and Super Am. in accordance with its terms and provisions and this Final Order and Judgment.

8. The Releases, which are set forth in Section XIII of the SA, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined in the SA) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined in the SA) from all Released Claims (as that term is defined in the SA).

**JUDGMENT - 3**

**3:23-cv-01508-CRK-MCR**

9. Promptly after the Effective Date, Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Class Member and that have been released pursuant to the SA and this Final Order and Judgment.

10. Neither the SA or Super Am., nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendants;

(b) offered by any person or received against Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants; or

(c) offered by any person or received against Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

**JUDGMENT - 4**

3:23-cv-01508-CRK-MCR

11. In the event that the Effective Date, as defined in the SA, does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.  In the event that final approval does not occur, the SA and Super Am. shall become null and void and be of no further force and effect, neither the SA or Super Am. nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this litigation.

12. The Court has issued all necessary orders under Rule 23 approving of the settlement in a manner substantially consistent with the terms and intent of the Revised Agreement.

13. The Court has personal jurisdiction over the parties and the Class Members; venue is proper in this Court and this Court has subject matter jurisdiction to approve the SA and Super Am., including all Exhibits thereto, and to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the SA and Super Am. and of this Final Order and Judgment, and for any other necessary purpose.

**JUDGMENT - 5**

3:23-cv-01508-CRK-MCR

14. The Court enters this judgment finally approving the settlement of the action in a manner substantially consistent with the terms and intent of the SA and Super Am. and dismissing the Action with prejudice.

15. No Party with a right to do so has terminated the SA and Super Am.

16. This Action, including all individual claims and class claims presented herein, is **DISMISSED**, without fees or costs to any party except as otherwise provided herein.

17. The Clerk of the Court is directed to terminate all pending motions as moot and close the file.

**DONE AND ORDERED** in NEW YORK, NY, on September 9, 2025.

                                                /s/ Claire R. Kelly
                                                Claire R. Kelly, Judge[*]

Dated:      September 9, 2025
               New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

JUDGMENT - 6